## THE ROCKDALE PAPER MILLS *vs.* STEVENS.

1. Although a non-suit may have been improperly refused at the time the motion therefor was made, yet if the proof necessary to make out the plaintiff's case was afterwards supplied, a new trial will not be granted on that ground.
2. An error which did no injury will not necessitate a new trial.
3. That one of the counsel for the plaintiff was talking about the case on trial in a public place, and without his knowledge a member of the jury near by heard him say that he had been down three or four times about these cases, and hoped he would get through with them, is not ground for a new trial.
4. The verdict is for a principal larger than the note sued on. It is directed that the excessive amount be written off, or a new trial be granted. Costs are awarded against the defendant in error.

Non-suit. Verdict. Jurors. New trial. Before Judge SPEER. Rockdale Superior Court. February Term, 1880.

Stevens brought complaint against the Rockdale Paper Mill on the following note:

"One day after date I promise to pay to John Stevens, or bearer, five hundred and eleven dollars and twenty-four cents for labor, with interest at one per cent. per month. February 10th, 1875.

 (Signed)     "B. N. McNIGHT, *Agent*,
         Per A. H. ZACHRY."

There were certain credits on the note, not material here.

The defendant pleaded the general issue and recoupment. The latter plea was to the effect that Stevens was employed by the defendant as foreman or superintendent of its works, and the note was given for his wages; that he failed to comply with his contract, and by his unskillful conduct caused damage to defendant. On the trial plaintiff introduced the note, and defendant admitted that it was given to Stevens by its agent, McNight, for services. Defendant moved for a non-suit, which was refused. It was then shown that McNight was the agent of the defendant, and Zachry its sub-agent. On the subject of the plea of recoupment the evidence was conflicting. The jury found for the plaintiff $516.18 principal. Defendant moved for a new trial on the following, among other grounds:

(1). Because the verdict was contrary to law and the evidence.

(2). Because the court admitted the note in evidence.

(3). Because the court overruled the motion for a non-suit.

(4). Because one of counsel for plaintiff during the trial talked about the case in the hearing of a juror. [In regard to this ground, it appeared from the affidavits used on the hearing of the motion, that pending the trial, while in a hotel, one of plaintiff's counsel was asked some question about the case, and this lead to his making several remarks about it. Without his knowledge, a member of the jury was in the same room, a short distance off; but

all he heard of the conversation in regard to the case was a remark of counsel that he had been down three or four times about these cases, and hoped he would get through with them.]

The motion was overruled, and defendant excepted.

A. C. McCalla; A. A. Zachry; Geo. W. Gleaton, for plaintiff in error.

Gober & Lester, for defendant.

Jackson, Chief Justice.

This cause came before the superior court as a suit brought on a promissory note, whereupon the jury found for the plaintiff, a motion was made for a new trial, it was denied defendant, and it excepted.

1. The first ground is that the court erred in admitting the note in evidence, and in refusing to non-suit the plaintiff. It would have been better, perhaps, if the court had required proof that the person who signed the note was the agent of the Rockdale Paper Mills Company—the same being signed only by a person as agent and not designating for whom he was agent—and for want of that proof to have non-suited the plaintiff; but the proof was supplied afterwards during the trial, and if there be any error it did not hurt. Besides, the plea admitted that the note was the note of the company, and no issue was made on that point.

2. The plea of recoupment was filed, and the jury found thereon against the defendant, and the next assignment of error is that the verdict is not supported by evidence, and is contrary to law. It is abundantly supported. The entire defense looks like an afterthought. The note was given for services in 1874, and payments were made thereon up to December, 1877, and four of these payments were acknowledged in the plea to have been made

The Rockdale Paper Mills *vs.* Stevens.

after the knowledge of the alleged bad work of the plaintiff. This bad work was done not in 1874, but in 1875 or 1876. Besides, the plaintiff alleged and testified that the fault was in the defendant's machinery, and the jury had a right to believe him. There were also letters from defendant's agent looking to the payment of the note, and thus acknowledging its validity just before the suit was brought.

3. The affidavits fail to show any improper conduct of plaintiff's counsel in talking in presence of the jury, or that any of them heard one word which could have influenced the verdict, and where such is the case, it would have been gross error to grant a new trial.

4. The verdict, however, is wrong in that the principal debt found by the jury exceeds the amount of the note, and a new trial must be awarded unless the plaintiff will reduce or strike off the principal down to the proper sum. The note is for $511.24, and the verdict is for $516.18 as principal. The defendant insists that a right calculation will reduce the principal even below the face of the note if the credits on the note are all allowed, and the interest is first extinguished, and the overplus of payment applied to the principal. Let the calculation be made, and the plaintiff correct the judgment accordingly, in which case it will be affirmed; otherwise, it must be reversed.

In either event the costs of bringing the case to this court must be paid by the defendant in error, inasmuch as the plaintiff in error was constrained to bring the case here to have a manifest, though in amount a very small, injustice to it corrected.

Judgment affirmed on terms.