### GEORGIA CO-OPERATIVE FIRE ASSOCIATION *v.* HARRIS.

CANDLER, J.  1. Where suit is brought on a policy of fire insurance covering, in different amounts, a dwelling-house and the furniture therein located, the verdict, if the defendant be found liable, need not specify separately the amounts found for loss of the house and of the furniture, but may be a lump sum covering the entire amount of the loss.

2. While it appeared that at the time of the fire the property covered by the policy was insured in another company, and that the plaintiff had accepted from that company a small sum in satisfaction of his policy therein, there was evidence authorizing the jury to find that this sum did not represent a pro-rata share of the loss as claimed by the plaintiff, and that it was accepted by him only because he realized that that company was not liable to him in any amount.

3. The evidence authorized a finding that the plaintiff did not consent to a restriction of his right to insure in any other company, and also that the loss sustained by the plaintiff was greater than the amount of the verdict.                    *Judgment affirmed. All the Justices concur.*

Submitted October 9,—Decided November 9, 1905.

Action on insurance policy. Before Judge Eve. City court of Richmond county. January 13, 1905.

Harris, a negro of eighty-four years, whose eyesight was bad, who could sign his name but could read very little, held a policy of fire insurance in the German American Insurance Company for $300 upon his house and furniture, which would expire in June, 1903. In the preceding month he applied to the plaintiff in error for insurance, making known to its solicitor who took his application the existence of the insurance in the German American Company. The solicitor filled an application blank which, as introduced in evidence, appears to have been signed by Harris, and contains the fol-

lowing question and written answer: "Are you insured in any other company or association; if so, in what amount? Yes, $300 with Phinizy Co., expires some time in June; will not renew." Harris testified that he did not remember signing this paper, and denied knowing that this statement was contained therein; but testified that he refused to give a promise, asked for by the solicitor, not to renew his former policy when it expired. The plaintiff in error issued to him a policy for $300 on his house and $100 on his furniture, "in consideration of the stipulations herein named and the application which is made a part of this contract," and one of the printed stipulations therein was: "This certificate shall be void if the member has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning the property covered by same." On the application blank was printed the following, just before the signature of the applicant: "If I make any false statement to secure said certificate, same shall be void." A fire occurred in September, 1903, resulting, according to the testimony for the plaintiff, in a loss of $400 or more, the house and furniture being valued at $700 to $800. The testimony for the defendant was to the effect that its agent appraised the loss at $44; and it was contended that the recovery could not be greater than $62.50, as the plaintiff had received that sum from the German American Company in settlement of its liability, and the policy sued on contained the further stipulation: "This association will only be liable for their proportionate part of any loss or damage to property, where insurance is carried by other companies on same." It was in evidence for the plaintiff, that on making claim against the German American Company after the fire, that company denied liability on the ground that its policy contained a condition that it should be void if any other insurance were effected on the property covered thereby, except by written consent endorsed thereon or added thereto, which consent had not been obtained; that its agent said the damage was not over $125, and declined to pay that, but did pay the plaintiff's attorney $62.50 as a gratuity and not as admitting liability. The testimony for each party was in conflict with that of the other upon the issue of concealment and misrepresentation. The jury found for the plaintiff $244, and the defendant excepted to the refusal of a new trial, the grounds of the motion therefor being indicated by the headnotes.

*F. W. Capers* and *F. L. McElmurray,* for plaintiff in error, cited Civil Code, §§ 5166, 2093, 2097, 2098, 2101, 2109, 3732; *Ga. R.* 106/152; 110/461; 120/803; 115/194.

*Henry C. Roney,* contra, cited *Ga. R.* 75/331, 340, 358; 40/135; 41/660; 91/719.