### 4560. McKINNEY *et al. v.* BATTLE BROTHERS.

Where a promissory note given for the purchase of a horse reserves to the seller the title to the property until it is paid for, loss in case of death without fault on the part of the buyer will fall upon the seller as owner of the property, in the absence of a stipulation to the contrary; but it is within the power of the contracting parties, under the provisions of section 4123 of the Civil Code, to agree that the purchaser shall bear the risk of the loss. In such a contract a stipulation that the seller does not insure the health, life, soundness, or work of the horse, but, "in case of loss or damage to said property, the same shall be the loss of the buyers," construed as a whole, includes loss by death.

DECIDED AUGUST 25, 1913.

Complaint; from city court of Albany—Judge Crosland. July 8, 1912.

*R. J. Bacon, R. H. Ferrell, D. H. Redfearn,* for plaintiffs in error.
*Mann & Milner,* contra.

RUSSELL, J. The action was against Thomas McKinney individually and as administrator of his wife, upon a promissory note given by them to Battle Brothers, the plaintiffs, for the purchase-price of a mare. In the note Battle Brothers reserved title to the mare until payment of the note, with a stipulation, however, that in case of loss or damage to the property the same should be the loss of the buyers; and this stipulation is coupled with the express condition that the sellers do not insure the health, life, soundness, or work of the said mare. Two pleas were filed,—one setting up fraud on the part of the sellers, and the other the death of the horse and the insistence of the defendants upon a rescission of the contract, and that the loss occasioned by death should be the loss of the plaintiffs. The trial judge, upon an inspection of the con-

tract of sale, declined to submit to the jury the issue that the loss due to the death of the mare should fall upon the sellers. The issue of fraud was fairly submitted by the court, and upon this issue the jury found in favor of the plaintiffs. The contention that the defendants should be discharged from liability upon the ground of fraud is abandoned in the brief, and the only question presented by the record is whether the court erred in refusing to present the defendants' contention, that the death of the mare was the loss of the sellers, and that there should be a rescission.

We think that the judge correctly held that the death of the mare was the loss of the buyers, and not of the sellers. Under the provisions of the Civil Code, § 4123, the principle stated by counsel for the plaintiffs in error, and which it is insisted the court erred in not presenting to the jury,—that where property is sold and delivered and title is not to pass until payment in full of the purchase-money, and the property is destroyed or dies, all without fault of the vendee, the loss must fall on the vendor,—is a correct general rule. However, an exception to this rule may be created in any case by an express contract under which the buyer, and not the seller, assumes the risk of loss. In our opinion that is precisely what occurred in this case. The code section expressly provides for exceptions by contract. Section 4123 of the Civil Code declares: "Where property is sold and delivered, but title is not to pass until payment in full of the purchase-money, and the property is lost, damaged, or destroyed without the vendee's fault, he is entitled to a rescission of the contract or to an abatement in the price, *unless it is otherwise agreed in the contract of sale.*" Learned counsel for the plaintiffs in error do not insist that an exception can not be made by which the loss shall be that of the buyer. They contend that under the terms of the contract here involved, the contingency of the death of the mare was not provided for in the exception attempted to be made, and, for that reason, that the defendants should be relieved under the general rule embodied in section 4123. The contention is that the words "loss or damage," used in referring to the mare, do not include *death.* Since each word employed in a contract must be considered and weighed in connection with other words and phrases referring to the same object, or included within the same subject-matter, we can not concur in this view. The writing under consideration, after describing

the mare, which the instrument avers is bought after a full inspec-
tion and without warranty, either expressed or implied, states that
"it is expressly understood that Battle Brothers do not insure the
health, life, soundness, or work of said mare, . . but in case
of loss or damage to said property, same shall be the loss of the
buyers." In our opinion the verbiage of the contract above quoted,
when construed all together, is amply sufficient to constitute a
stipulation that the loss shall fall on the buyers in the event the
property is lost, damaged, or destroyed, and includes loss by death.
The word "loss" in this contract relates back to "life" in the pre-
vious clause; and loss of life is nothing more nor less than death.

The ruling in *Smith* v. *Culpepper,* 108 *Ga.* 759 (33 S. E. 49),
cited by counsel for the plaintiffs in error, is not in point, because
in that case, as appears from an examination of the record, there
was no attempt to make an exception to the general rule laid down
in code-section 4123. Of course, as insisted by counsel for the
plaintiffs in error, the contract should be construed most strongly
against the plaintiffs, because they prepared it; but in our view,
no other reasonable construction can be placed upon the contract
than that given by the trial judge. For this reason the distinction
very learnedly drawn between subjective and objective loss is in-
applicable to the present case.          *Judgment affirmed.*