## AVERY & COMPANY v. MIDDLEBROOKS et al.

Where purchasers of machinery gave a note therefor, in which they agreed that title should remain in the sellers until the purchase-money should be paid, that, on failure to pay, the sellers might take possession, sell the property, apply the proceeds to the payment of the debt, and pay the balance, if any, to the buyers, and further agreed that they guaranteed the sellers against any damage to the machinery by fire while in their possession, and that they would keep the machinery insured for at least one half of the purchase-money for the benefit of the sellers, this constituted such a contract within the meaning of the Civil Code (1910), § 4123, as made the loss fall on the buyers, if the machinery was destroyed by fire while in their possession.

DECEMBER 17, 1914.

Complaint. Before Judge Daniel. Pike superior court. November 29, 1913.

*E. F. Dupree* and *Napier, Wright & Wood*, for plaintiffs.

*J. F. Redding,* for defendants.

LUMPKIN, J. E. E. Middlebrooks and J. M. Middlebrooks gave to Avery & Company a promissory note for the purchase-price of certain machinery. It was stipulated in the note, that the title should not pass until payment of the purchase-money; and that, on failure to pay at maturity, the seller might take possession of and sell the property, apply the proceeds to the payment of the debt, and pay over the balance, if any, to the purchaser. The instrument then proceeded: "And further, we, makers and endorsers, hereby guarantee [the sellers] against any damage to the said machinery by fire whilst in the possession of the undersigned, and also agree to keep the same insured for at least one half of the purchase-money for the benefit of the [sellers]." Suit was brought on the note. On the trial it was conceded that the machinery had been destroyed by fire before the suit was brought. The presiding judge directed a verdict for the defendants. A motion for a new trial was overruled, and the plaintiffs excepted.

By the Civil Code (1910), § 4123, it is declared: "Where property is sold and delivered, but title is not to pass until payment in full of the purchase-money, and the property is lost, damaged, or destroyed without the vendee's fault, he is entitled to rescission of the contract or to an abatement in the price, unless it is otherwise agreed in the contract of sale." In *Randle* v. *Stone,* 77 *Ga.* 501, the general rule applied, and it was not "otherwise agreed." By agreement such loss may be made to fall on the purchaser. The exact question is as to the effect of the provisions in the contract under consideration. Did they make the loss fall on the buyers or the sellers? The buyers guaranteed the sellers against any damage to the machinery by fire while in the buyers' possession. It could hardly be that they intended to make the loss fall on the sellers, so that the latter could not collect the note, and then raise a separate and distinct liability on the part of the buyers to the sellers, growing out of the guarantee against damage to the machinery by fire. The contract is to be considered as a whole. The language as to guaranteeing the sellers against loss by fire is to be construed in connection with its context and the apparent purpose for which it

was employed. So considered, there can be little doubt that it was "otherwise agreed in the contract of sale," so that loss by fire should fall on the buyers instead of the sellers.

We do not stop to discuss what might have been the result if the buyers had insured the property for the benefit of the sellers and the latter had received money under the policy; nor the rulings in other jurisdictions as to where the loss falls if there is a reservation of title to secure payment of the purchase-money, and if there is a destruction of the property. Nor need we consider the fact that it did not appear whether or not the loss occurred without fault on the part of the buyers. What has already been said controls the case. See, in this connection, *McKinney* v. *Battle,* 13 *Ga. App.* 255 (79 S. E. 92).

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*