## 8150.  AVERY & COMPANY *v.* MIDDLEBROOKS.

The action being for principal, interest, and attorney's fees on promissory notes, and the verdict being for a lump sum, without mention of principal, interest, or attorney's fees, and the amount of the verdict being much greater than the principal sued for, but less than the aggregate amount of the principal, interest, and attorney's fees, or of the principal and the interest, and not divisible or sustainable under any view of the pleadings or the evidence, the court erred in not granting the plaintiffs' motion for a new trial, in which the verdict was complained of on this ground.

DECIDED AUGUST 3, 1917.

Complaint; from Pike superior court—Judge Searcy.  September 15, 1916.

*E. F. Dupree, Napier, Wright & Wood*, for plaintiffs.

*Redding & Lester*, for defendant.

BLOODWORTH, J.  Avery & Company brought suit against Mrs. Ella E. Middlebrooks and her husband, J. M. Middlebrooks, for the principal, interest, and stipulated attorney's fees of 10 per cent., on four promissory notes, the aggregate principal of which was $974.74, and the credits on which were $280.44.  In addition to certain pleas which were disposed of by the decision of the Supreme Court in this case, as reported in 142 *Ga.* 830 (83 S. E. 944), Mrs. Middlebrooks pleaded as follows: "Defendant says that she is not indebted or liable to plaintiff for attorney's fees on said notes.  Nor is she liable to the plaintiff on said notes.  Defendant further says that the two notes for $265 each sued on she was only security on said notes, the same being the contract of her husband, J. M. Middlebrooks; that the same is not her contract, but the contract and debt of her husband, J. M. Middlebrooks.  Defendant further says that the two notes for $222 each sued on she never signed, nor did she authorize any one to sign for her, that the same is not her act or deed, and that she is not indebted to the plaintiff on said notes."  In his plea J. M. Middlebrooks denied liability, denied that he was liable for attorney's fees, and alleged that the plaintiffs received from him a certain sawmill and machinery worth $1,000.  In his testimony he said: "Avery & Co. finally got the mill back.  If he [they] gave me credit for it, I have never seen it.  It was worth $1,000 when he [they] got it back."  On the trial the jury returned the following verdict: "We, the jury, find for the plaintiff against J. M. Middlebrooks, $1,-057.07.  April 5, 1915.  W. F. Gresham, foreman."  In their mo-

tion for a new trial the plaintiffs alleged: "The plaintiff sued for principal, interest, and attorney's fees on four notes, and there was no controversy as to amounts, but the amount of the verdict is $1,057.07, whereas the correct amount should have been $665 principal, $526.80 interest to date of verdict, and $119.18 as attorney's fees."

The verdict in this case is for an amount far in excess of the principal sued for, and there is no mention of interest or attorney's fees. If the verdict had designated a fixed amount as principal and a certain amount as interest, and the principal were larger than the amount sued for, it would be permissible for the excessive amount to be written off. *Rockdale Paper Mills* v. *Stevens*, 65 *Ga.* 380 (4). In addition to the above: Where the judgment is for one lump sum, including principal and interest, and the amount of each is definitely ascertainable, the finding may be upheld with direction to amend by separating principal and interest (*Mitchell* v. *Henry Vogt Machine Co.*, 3 *Ga. App.* 542 (2), 60 S. E. 295), but in the instant case the verdict is for such an amount as no statement of the facts and no view of them could sustain. It is therefore without evidence to support it, and must be set aside. *Giles* v. *Spinks*, 64 *Ga.* 205 (2); *Georgia Railroad & Banking Co.* v. *Crawley*, 87 *Ga.* 191 (13 S. E. 508); *National Fowler Bank* v. *Burch*, 6 *Ga. App.* 79 (64 S. E. 282).

As a new trial is to be granted for the reason stated above, it is unnecessary to discuss the other assignments of error.

*Judgment reversed. Broyles, P. J., and Jenkins, J., concur.*