21085.  COLUMBUS BAGGING & TIE COMPANY *v.* STEEL UNION COMPANY INC.

Decided April 1, 1931.  Rehearing denied April 14, 1931.

*Henry D. Gaggstalter,* for plaintiff.
*Arnold & Battle, Love & Fort,* for defendant.

Broyles, C. J.  The 5th headnote only will be elaborated.  The Columbus Bagging & Tie Company sued the Steel Union Company for the alleged breach of a written contract for the purchase of cotton ties by the plaintiff from the defendant.  The petition alleges that the defendant breached the contract of sale by delivering ties to the buyer at Savannah, Georgia, that were not reasonably suited for the purpose intended, in that the ties were *rusty* when the ship conveying them arrived at Savannah on June 26, 1929, and before the buyer obtained title to the ties.  The contract contained

the following condition: "The seller agrees that the goods shall leave the works in good condition, and *the purchaser assumes all risks of rust* (italics ours) and other damage and loss during transportation." It will be observed that the seller's warranty of the good condition of the ties is expressly limited to the time when they left the factory. Under such a warranty there could not arise an implied warranty that the ties would not be rusty when they arrived at Savannah, three weeks later, after a voyage over the briny Atlantic ocean. And the contention of the buyer that such an implied warranty did exist is "knocked into a cocked hat" by the provision in the contract that the buyer was to assume the risk of the ties becoming rusty on their voyage to their destination. The petition failed to allege that the ties were not in good condition when they left the works. The only damage to the ties alleged in the petition was that thy were badly rusted. The charge in the petition, that the shipper breached the contract by failing to consign the goods to the plaintiff, thereby preventing it from being able to inspect them and to ascertain their rusty condition until after it had paid the draft and gotten possession of the ties, is immaterial. As stated above, under the contract the only obligation of the shipper as to the condition of the ties was that they should be in good condition when they left the "works" in Holland, and it was expressly stipulated that the buyer was to assume the risk of the ties becoming rusted during their transportation to Savannah. The petition fails to show, and does not even allege, that the ties were rusted when they left the factory or when they were loaded upon the ship at Rotterdam, Holland. It follows that under the provisions of the c. i. f. contract, and the law pertinent thereto, the plaintiff, if it had been given the opportunity to inspect the ties and to discover their rusty condition the minute they arrived in Savannah, and before it made payment therefor, would have been obligated to accept and pay for them. This may seem a harsh rule, but it "was so nominated in the bond (contract)", and expressly agreed to by the plaintiff, and it must abide by the agreement.

The foregoing ruling is controlling in the case, and the several allegations in the petition as to other minor breaches of the contract by the shipper are immaterial. The court did not err in sustaining the general demurrer to the declaration as amended and

in dismissing the same, together with the attachment and the levy thereof.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*