30494, 30516. PHŒNIX INSURANCE COMPANY *v.* WOOD; and *vice versa.*

DECIDED NOVEMBER 10, 1944. REHEARING DENIED NOVEMBER 29, 1944.

*Earle Norman, Smith, Smith & Bloodworth,* for plaintiff.
*Carroll D. Colley, J. Cecil Davis,* for defendant.

BROYLES, C. J. Phœnix Insurance Company (hereinafter called the plaintiff) sued Mrs. H. T. Wood (hereafter called the defendant) on a promissory note. In her answer, the defendant admitted the execution of the note and that the plaintiff was the legal holder thereof, thereby admitting a prima facie case in the plaintiff.

In paragraph four of the answer the defendant alleged that on April 30, 1940, she signed a written contract with the American Desk Manufacturing Company (hereafter called the desk company), of Temple, Texas, in which she agreed to purchase a certain number of opera chairs, and that on May 31, 1940, she executed the note sued on for the sum of $1962.72, for the balance of the purchase-money of the chairs, which sum included interest and carrying charges; that, under the terms of the contract and note, the title to the chairs remained in the desk company until the entire purchase-price was paid; that the chairs were destroyed by fire in her moving picture theatre on December 22, 1941, without her fault, and before the entire purchase-price was paid; that the plaintiff, as transferee of the desk company, had full knowledge

of these facts when the note sued on was transferred to it; that under the terms of the contract, the title and right of possession of the chairs being.in the desk company or its assigns, and the chairs having been destroyed by fire, without fault of the defendant, the contract was thereby rescinded and the defendant is not indebted to the plaintiff in any sum.

On oral motion, in the nature of a general demurrer, the court struck paragraph 4 of the answer; and that judgment was assigned as error in a cross-bill of exceptions. "Where property is sold and delivered, but title is not to pass until payment in full of the purchase-money, and the property is lost, damaged, or destroyed without the vendee's fault, he is entitled to a rescission of the contract or to an abatement of the price, unless it is otherwise agreed in the contract of sale." Code, § 96-108.

The defendant attached to her answer a copy of the contract between her and the desk company, and in paragraph 6 thereof it was provided: "That vendor shall not be liable for any loss or damage arising from delays or damages caused by fire or strikes, delays in transportation, or other causes beyond vendor's control." We think that this paragraph of the contract constituted such a contract within the meaning of the above-quoted Code section as made the loss fall on the vendee, if the chairs in question were destroyed by fire while in her possession. See *Avery* v. *Middlebrooks,* 142 *Ga.* 830 (83 S. E. 944), and *Fisher* v. *Beach Co.,* 13 *Ga. App.* 254 (79 S. E. 84). The cases cited in behalf of the defendant are distinguished by their facts from this case; and the court did not err in striking paragraph 4 of her answer.

■ The case proceeded to verdict and judgment for the defendant; a motion for a new trial was denied, and that judgment is assigned as error. The single special ground of the motion excepts to the admission in evidence of certain testimony given by the defendant in which she stated that when she entered into the contract with the desk company she had a conversation with W. A. Pruitt, an agent for said company, about insurance on the chairs, and that Pruitt stated to her that $302 of the amount of the note signed by her was for carrying charges which included insurance. The testimony was objected to on the ground that it expressly varied the provisions of the written contract wherein it was stated as follows: "It is expressly understood

that this order, with the specifications set forth, when accepted by vendor, expresses the whole agreement, and there are no agreements or modifications of any kind in connection herewith which are not expressly set forth herein; and it is further agreed that, after this contract has been accepted by vendor, no agent of vendor shall have authority to change or alter this contract, except by written authority from the general manager or president of vendor company." Apparently, the testimony was admitted on the contention of counsel for the defendant that the consideration of a note can always be inquired into. The only mention of insurance in the contract is that the vendee should have the chairs insured at her expense, and that the policy of insurance should be issued in the vendor's name and for its benefit; and that if the vendee should neglect or refuse to obtain said insurance, then the vendor might, at its option, obtain the insurance, "and all sums of money thus expended are hereby secured by these presents and shall be repayable with interest at eight per cent. per annum upon demand from said vendor to said purchaser, and may be retained by said vendor from the proceeds of the sale of goods and chattels herein authorized." The contract contained no words showing or tending to show that the note sued on included any sum to cover insurance on the chairs; and, since the contract provided that it was expressly understood that the order expressed the whole agreement, and that there are "no agreements or modifications of any kind in connection herewith which are not expressly set forth herein, and it is further agreed that, after this contract has been accepted by vendor, no agent of vendor shall have authority to change or alter this contract, except by written authority from the general manager or president of vendor company," the oral evidence objected to expressly varied the terms of the written contract, and the court erred in admitting it. The contention that the evidence was admissible to inquire into the consideration of the contract is without merit. "As a general rule the consideration of a contract is open to inquiry as between the original parties, but 'if the consideration be so stated in the contract as to make it one of its terms or conditions, as where the consideration consists of mutual promises expressed in the contract, a different consideration, whether variant or additional, can not be shown by parol." *Georgia Casualty Co.* v. *Dixie Trust Co.,* 23 *Ga. App.* 447 (3) (98 S. E. 414).

With the omission of the above-discussed illegal testimony, the evidence demanded a finding for the plaintiff. The defendant expressly admitted in her answer the execution by her of the note sued upon, and that the plaintiff was the legal holder thereof. Thereby she admitted a prima facie case in the plaintiff and assumed the burden of proving that she was not indebted to it. This burden she not only failed to carry, but the legal evidence, oral and documentary, demanded a verdict for the plaintiff; and the court erred in denying a new trial.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. MacIntyre and Gardner, JJ., concur.*