### 30494, 30516. PHŒNIX INSURANCE COMPANY v. WOOD; and vice versa.

BROYLES, C. J. The insurance company sued Mrs. Wood on a promissory note. In her answer the defendant admitted the execution of the note and that the plaintiff was its legal holder, thereby admitting a prima facie case in the plaintiff. On the trial, the defendant testified over the objections of the plaintiff, that, when she made the contract with the "desk company" to buy certain chairs, she had a conversation with W. A. Pruitt, an agent of the company, about insurance on the chairs, and that Pruitt told her that $302 of the amount of the note signed by her for the purchase-price of the chairs was for carrying charges, which included insurance. This note·was duly transferred to the plaintiff and is the note sued on. The case proceeded to a verdict and judgment for the defendant. In the motion for new trial the admission of the above-stated testimony was assigned as error. On the trial, the court, upon an oral motion by the plaintiff, struck paragraph 4 of the answer, and that ruling was excepted to in a cross-bill of exceptions. This court reversed the judgment on the main bill of exceptions, holding that the testimony of Mrs. Wood, referred to, was illegally admitted in evidence, and that, with this evidence omitted, a finding for the plaintiff was demanded.· It was also held that paragraph 4 of the answer was properly stricken, *Phœnix Insurance Co. v. Wood*, 71 *Ga. App.* 769 (32 S. E. 2d, 262).·

On a writ of certiorari, the Supreme Court held that the striking of paragraph 4 of the answer was error, and that the above-referred-to testimony of Mrs. Wood was properly admitted in evidence; and reversed the judgment of this court on both bills of exceptions.

Therefore the former judgments of this court in this case are ordered vacated.

*Judgment affirmed on the main bill of exceptions; and reversed on the cross-bill. MacIntyre and Gardner, JJ., concur.*

DECIDED SEPTEMBER 25, 1945.

*Earle Norman, Smith, Smith & Bloodworth,* for plaintiff.
*Carroll D. Colley, J. Cecil Davis,* for defendant.