**PELHAM OIL & FERTILIZER CO. et al.
v. UNITED STATES.**

No. 12503.

United States ·Court of Appeals ·
Fifth Circuit.

April 20, 1949.

Rehearing Denied May 16, 1949.

Alex W. Smith and Croom Partridge, both of Atlanta, Ga., for appellants.

Lewis A. Sigler, Asst. Associate Sol., of Washington, D. C., U. S. Dept. of Agriculture, and John P. Cowart, U. S. Atty., and Jack J. Gautier, Asst. U. S. Atty., both of Macon, Ga., for appellee.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

This suit was brought by the United States to recover a balance of $8,242.14, plus interest, alleged to be due on the contract price of peanuts sold by the Commodity Credit Corporation to Pelham Oil & Fertilizer Company in the year 1943. The peanuts were destroyed by fire while in the possession of the appellant as purchaser, and under certain provisions of the contract between the parties it is alleged that appellant, Pelham Oil & Fertilizer Company, is liable for the contract price regardless of the loss.

We consider it unnecessary to comment at length upon all the facts and circumstances surrounding the execution of the contract in question, or to present any detailed analysis of its various provisions. It is sufficient to observe that the decision of the trial court is amply supported by the evidence and well established contractual principles. The contract before us is clear and unambiguous, and plain to the effect that both parties con-

templated appellant was bound, within the limits of its government allocation from the War Food Administrator, to repurchase the peanuts for shelling purposes as soon as it acquired them from the producers for the account of the Commodity Credit Corporation. Under such circumstances, the resale of the peanuts to appellant had been fully consummated prior to the time of their loss by the fire, and appellants are therefore liable for their contract purchase price, plus interest from the date it was due. McKinney v. Battle Brothers, 13 Ga.App. 255, 79 S.E. 92; Moon v. Wright, 12 Ga.App. 659, 78 S.E. 141; Avery & Co. v. Middlebrooks, 142 Ga. 830, 83 S.E. 944; Columbus Bagging & Tie Co. v. Steel Union Company, Inc., 43 Ga.App. 126, 158 S.E. 459; 47 Amer. Juris., Sales, Sec. 877, p. 81; Royal Indemnity Co. v. United States, 313 U.S. 289, 61 S.Ct. 995, 85 L.Ed. 1361.

We find no reversible error in the record, and the judgment is accordingly affirmed.