19254. WALTON *v.* JOHNSON.

Submitted February 14, 1956—Decided April 9, 1956— Rehearing denied May 16, 1956.

379

*Jack F. Broyles, Glyndon C. Pruitt,* for plaintiff in error.

*Johnson, Hatcher & Meyerson, Henry M. Hatcher, Jr.,* contra.

WYATT, Presiding Justice. 1. The controversy involved in the instant case arose because the jury returned a verdict for the plaintiff for a lump sum for an amount greater than the principal amount and smaller than for principal, interest, and attorney's fees. The decisive question is whether or not the plaintiff can write off that portion of the judgment in excess

of the principal amount so as to make the illegal verdict a legal one. We are of the opinion that the verdict and judgment in the instant case are so ambiguous that there is no way to write off a portion thereof and make a legal verdict and judgment, and that the motion to set aside and arrest the verdict and judgment should have been granted.

We are aware of the decisions to the effect that a verdict which is erroneous may be corrected by the writing off of the illegal part if the illegal part can be determined and is separable from the rest. See *Love* v. *National Liberty Ins. Co.*, 157 *Ga.* 259 (121 S. E. 648). However, in the instant case, the illegal portion can not be determined. The jury returned a lump-sum verdict for the plaintiff in the amount of $18,000. The plaintiff was suing for $16,003.79 principal, $5,573.45 interest, and $2,162 attorney's fees. The defendant denied that he owed certain portions of the principal, and denied that the interest and attorney's fees were correct, and contended that he had not been credited with certain items he had transferred to the plaintiff. Under the verdict in the instant case, it is impossible to determine whether or not the jury found for the defendant on any of his contentions with reference to principal, interest, attorney's fees, or part of each, or whether they simply made up a figure.

The plaintiff's attempt to write off all of his recovery in excess of the principal amount does not cure the defect, because there is no way to determine what is being written off or what should be written off. He attempts to reduce the judgment to the principal amount sued for. However, it can not be determined from the verdict whether the jury found that the plaintiff was entitled to recover the full principal amount or whether they found that the plaintiff was entitled to a portion of the principal amount and all or a portion of the interest, or attorney's fees, or both, or just what they did find. In such a case, when the verdict is not sustainable under any view of the pleadings, the verdict can not be cured by arbitrarily writing off a portion of the judgment. See *Avery & Co.* v. *Middlebrooks*, 20 *Ga. App.* 724 (93 S. E. 227). It was, therefore, error to deny the motion to set aside and arrest the verdict and judgment upon this ground.

2. All other grounds of the motion except grounds (d) and

(e) are amplifications of the ground above considered. Grounds (d) and (e) complain because, as alleged in the motion, the jury gave the plaintiff a lien upon 95 shares of stock involved, when there are no equitable pleadings in the petition, and because the jury did not determine whether or not the written assignment of the said shares of stock should be canceled. There is no merit in these contentions. The finding of the jury to the effect that the plaintiff should retain the shares of stock until the judgment is satisfied was simply a finding that the written assignment should not be canceled.

3. For reasons stated in division 1 of this opinion, the motion to set aside and arrest the judgment in this case should have been granted and it was error to refuse to do so.

*Judgment reversed. All the Justices concur.*