19965. RESERVE LIFE INSURANCE COMPANY *v.* GAY.

MOBLEY, Justice. This case is here on the grant of a petition for certiorari in *Reserve Life Ins. Co.* v. *Gay*, 96 *Ga. App.* 601 (101 S. E. 2d 158). The plaintiff had brought an action under an insurance policy seeking to recover $200 hospital expenses, $260 medical bills, $8.50 ambulance bill, $400 attorney's fees, the statutory penalty of 25%, and interest, making a total of $995.19. The jury returned a verdict in his favor for $800. The Court of Appeals held that, under the evidence, the plaintiff was entitled to recover only $141 under the policy, and held that the evidence supported a recovery of $400 attorney's

fees and interest, and affirmed the judgment of the trial court in denying the defendant's motion for new trial provided the plaintiff write off the amount of the verdict in excess of $141 recoverable under the policy and $400 attorney's fees, and interest. The only exception in this court is to the decision of the Court of Appeals in affirming the judgment of the trial court provided the plaintiff write off from the verdict all amounts in excess of $141 principal, $400 attorney's fees, and interest. The defendant denied that the plaintiff was entitled to any attorney's fees. The effect of the ruling of the Court of Appeals was to allow the plaintiff to recover $400 attorney's fees when it is impossible from the verdict to determine what amount the jury allowed as attorney's fees. While there was evidence that would have supported a finding of $400 for attorney's fees, the evidence did not demand such a finding. "Jurors in passing upon the testimony of an expert witness, as to the value of professional services, are not absolutely bound by his opinion, but may exercise their own judgment on the subject, taking into consideration the nature of the services, the time required to perform them, and all the attending circumstances. Accordingly, where an attorney at law was the only witness as to the value of certain services rendered by himself, and testified that they were, in his opinion, worth a stated amount, the jury, had the matter been submitted to them, would not have been constrained to accept this opinion as absolutely correct, but might have found that the services in question were of a different value. This being so, it was error for the court to direct a finding to the effect that these services were worth the amount stated by the witness." *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225 (1, 2) (31 S. E. 426).

A verdict which is erroneous may be corrected by the writing off of the illegal part if the illegal part can be determined and is separable from the rest. *Love* v. *National Liberty Ins. Co.,* 157 *Ga.* 259 (121 S. E. 648). Likewise, the appellate court may affirm the lower court upon condition that a part of the verdict be written off. But, under the verdict in the instant case, it is impossible to determine whether the jury found for the plaintiff attorney's fees in the amount of $400, or for some other amount, and the appellate courts are without power or authority to fix the compensation of attorneys in any case.

The Court of Appeals, therefore, erred in affirming the lower court on condition that all amounts in excess of $141 principal and $400 attorney's fees, and interest, be written off the verdict in this case. *Walton* v. *Johnson,* 212 *Ga.* 378 (92 S. E. 2d 861). See also *Avery & Co.* v. *Middlebrooks,* 20 *Ga. App.* 724 (93 S. E. 227).

*Judgment reversed. All the Justices concur, except Wyatt, P. J., who dissents.*

SUBMITTED FEBRUARY 10, 1958—DECIDED MARCH 7, 1958.

*Eugene M. Kerr,* for plaintiff in error.
*Randall Evans, Jr.,* contra.