38356. FIDELITY & CASUALTY COMPANY OF NEW YORK v. MANGUM.

312

DECIDED SEPTEMBER 7, 1960.

*Stevens & Stevens,* for plaintiff in error.

*Randall Evans, Jr.,* contra.

NICHOLS, Judge. ■ Special ground 1 of the defendant's amended motion for new trial complains of the admission of certain testimony of the plaintiff into evidence. The testimony shown in this special ground constitutes more than a page of "briefed" evidence, some of which was admissible, and a part of this testimony was again brought to the attention of the jury by the defendant when it had the plaintiff on cross-examination. No harmful error is shown by this ground of the amended motion for new trial. See *King v. Sharpe,* 96 Ga. App. 71, 77 (99 S. E. 2d 283), and cases there cited.

■ Special ground 2 complains of the admission into evidence of a typewritten letter addressed to the plaintiff. Under the decision of the Supreme Court in *Deaderick v. Deaderick,* 182 Ga. 96(2) (185 S. E. 89), since proof of the execution of a writing such as that under consideration may be made by circumstantial evidence, it was not error to admit this evidence where there was evidence that the purported writer of the letter later talked to the plaintiff about such letter.

■ Special ground 3 complains of an excerpt from the charge dealing with the waiver of a proof of loss by the defendant and the penalty provided for by *Code* § 56-706. The defendant's answer admitted liability in a lesser amount than the plaintiff claimed. Therefore, the charge with reference to waiving a proof of loss was, if error, harmless, for the admission of some liability waived the technical requirements of a proof of loss. The remainder of the excerpt complained of which referred to a refusal of the defendant to "settle" with the plaintiff within 60 days, rather than as contended by the defendant a refusal to "pay" within 60 days, was not harmful since the only connotation which could have been put on the word "settle" under the charge as given would have been "pay." For the same reason special ground 4 is without merit.

■ Special ground 5 complains of the instruction given the jury as to what facts and circumstances it should consider in deciding the case. Under the decision of this court in *Sheridan v. Haggard,* 95 Ga. App. 792 (99 S. E. 2d 163), while the charge

given may not have been technically correct, it was not harmful to the defendant.

■ Special ground 6 complains of an excerpt from the charge wherein the court was ostensively giving a narrative of the plaintiff's contentions as shown by the original petition. The court immediately after giving such contentions instructed the jury that it would have the pleadings out with it and that "you may refer to them as often as you desire to find the issues and contentions." It has been repeatedly held that such an instruction is not erroneous. See *Limbert v. Bishop,* 96 Ga. App. 652, 653 (101 S. E. 2d 148), and citations.

■ Special ground 7 complains that the excerpt from the charge which authorized the jury to award attorney's fees and the penalty as provided by *Code* § 56-706 was error because there was no evidence to justify a finding of "bad faith." The defendant had offered the plaintiff less than 75¢ on the dollar of the lowest estimate proved on the trial of the case and this estimate did not include certain repairs claimed to be necessary by the plaintiff and which the witness making the estimate did not include because he did not know whether they were necessary or not. Under the decision in *Jackson v. Motors Ins. Corp.,* 97 Ga. App. 658 (104 S. E. 2d 253), it cannot be said that the charge complained of was error for the reason assigned.

The further argument that such charge was error because the plaintiff did not prove that he had filed a "proof of loss" is without merit where as here the defendant admitted liability under the contract which of necessity meant that any required "proof of loss" was either filed or waived.

■ Special ground 8 complains that the trial court erred in charging the jury that it should find for the plaintiff in a lump sum when it should have charged the jury to find separately on each item for which recovery was sought. In other words it is contended that the *only* proper form of verdict for the plaintiff would be: "$_____as due under the policy, $_____ interest, $_____ penalty, $_____ attorney's fees." While generally such form of verdict is given the juries in cases such as the one sub judice, and such may be the better practice, there is no requirement that the verdict, where separate items of recovery are

sought, be in such form. In *Georgia Co-operative Fire Assn. v. Harris,* 124 Ga. 114 (52 S. E. 88), the Supreme Court held that where separate items of recovery were sought under a fire insurance policy, loss of realty and personalty, that it was not necessary for the jury to specify the recovery allowed on each item but that a lump sum verdict was permissible. *Code* § 110-103 requires the trial court, in civil cases, to give the jury written instructions as to the form of verdict when requested by the jury. No such request was made. Therefore, where as here no request was made for a different form of verdict, either by the movant or the jury, it was not error as a matter of law for the court to fail to instruct the jury as to some other form of verdict which was also a correct form.

■ Special ground 10 complains of the failure of the court to charge, without request, an applicable principle of law which, while error, was not harmful under the circumstances of this case in view of the ruling in the next division of the opinion.

■ Special ground 9 complains that the verdict was excessive, and such ground will be considered in connection with the usual general grounds of the motion for new trial.

On the date of the trial the plaintiff amended his petition and prayed for judgment as follows: "(a). Damage to automobile, less $50.00 deductible under policy. $1,245.00. (b). Interest from June 19, 1958 to September 28, 1959 at seven percent, 87.15. (d). For reasonable attorney's fees because of defendant's bad faith in refusing to pay. $1,000.00. (e). For 25 percent statutory penalty because of defendant's bad faith in refusing to pay. $561.25. Total, $2,806.25 [sic]."

The paragraph of the prayer designated as (c) was expressly stricken, which paragraph had sought recovery for an alleged item of damages not covered by the policy of insurance.

The defendant in its answer admitted that it was indebted to the plaintiff and since the amount offered the plaintiff was such a small portion of the lowest estimate of the repairs necessary as a result of the incident out of which the claim under the policy arose, it cannot be said that the finding of the penalty and attorney's fees authorized by *Code* § 56-706 was unauthorized. There was evidence authorizing the amount of the attorney's fees sought.

Under the decisions of the Supreme Court and this court in *Firemen's Ins. Co. v. Oliver,* 182 Ga. 212 (184 S. E. 858); and *Jackson v. Security Ins. Co.,* 54 Ga. App. 133 (1) (187 S. E. 236), interest from the date of the loss was not a recoverable item since the *amount* sought was not *liquidated.*

*Code* § 56-706 authorizes a penalty, in cases where the insurance company is guilty of bad faith in an amount "not more than 25% on the liability of said company for said loss; also reasonable attorney's fee for the prosecution of the case against said company." This section does not authorize the penalty of 25% to be based on the total amount recovered. Accordingly, the maximum amount of penalty recoverable under the allegations of the petition as amended was 25% of $1,245, or $311.25.

The jury returned a verdict for the plaintiff in the full amount sued for and of this amount $337.15 was not recoverable as a matter of law. Therefore, the verdict was excessive.

The plaintiff sought 4 items of recovery in the petition as amended. The total of these figures, as shown by the pleadings, was incorrect, but the jury returned a verdict in the same amount as the erroneous total. The only inference is that the jury was seeking to return a verdict for the total amount sued for. Therefore, the line of cases relied upon by the defendant (*Walton v. Johnson,* 212 Ga. 378, 92 S. E. 2d 861; *Reserve Life Insurance Co. v. Gay,* 214 Ga. 2, 102 S. E. 2d 492; *Avery & Co. v. Middlebrooks,* 20 Ga. App. 724, 93 S. E. 227), which hold that where several items of recovery are sought, and a verdict for less than such total is returned, but for more than the total authorized by the evidence, the illegal portion of the verdict cannot be written off, is not applicable to the facts in the present case. The plaintiff's petition as amended sought 4 items of recovery, each item being specified as to amount, but the total shown as being prayed for was not the *sum* of these 4 items. However, since the jury returned a verdict in the "total" amount sought it must be concluded that the jury was seeking to return a verdict for the plaintiff as to each item in the full amount sought. Accordingly, the excess in the present case is determinable, and since the total amount sought under the policy ($1,245), the attorney's fees ($1,000), and the penalty provided for by *Code*

§ 56-706 ($311.25), were authorized by the evidence, the judgment of the trial court overruling the defendant's motion for new trial will be affirmed provided that that part of the verdict in excess of the total of the above amounts ($2,556.25), is written off by the plaintiff within 10 days, otherwise the judgment overruling ·the defendant's motion for new trial is reversed.

*Judgment affirmed on condition. Felton, C. J., and Bell, J., concur.*