71699. MOCK v. WRIGLEY.
(344 SE2d 482)

CARLEY, Judge.
Appellant Mock received $8,000 in earnest money from appellee Wrigley in connection with a real estate transaction. When appellant refused appellee's subsequent demands for return of the $8,000, appellee brought the instant suit. The case was tried before a jury. The trial court's charge included instructions with respect to the recoverability of interest. The jury returned a verdict in favor of appellee in the amount of $15,000, without noting what specific portion thereof represented interest. The judgment originally entered by the trial court was in the full amount of the verdict. Appellant's motion for new trial was denied. However, the trial court also held that $7,000 of the original $15,000 verdict represented the jury's award of interest on the principal amount of $8,000, and that the $7,000 that was returned "as interest cannot be substantiated by the record. . . ." Therefore, the trial court entered a "corrected order and final judgment" for appellee in the amount of $8,000.

Appellant's sole enumeration is that the trial court erred in denying his motion for a new trial. He relies upon the general rule that a verdict which awards an aggregate sum of undifferentiated principal and interest is defective and requires the grant of a new trial. *Bentley v. Phillips*, 171 Ga. 866 (156 SE 898) (1930); *Hubbard v. McRae*, 95 Ga. 705 (22 SE 714) (1895). However, those cases also provide that, where it appears from the record that the separate amounts of principal and interest represented in an aggregate award may be easily determined, the verdict may be amended and corrected. The authority to effect such amendment and correction extends to "the writing off of the illegal part [of the verdict] if the illegal part can be determined and is separable from the rest. [Cit.]" *Reserve Life Ins. Co. v. Gay*, 214 Ga. 2, 3 (102 SE2d 492) (1958).

In the case at bar, that the principal amount at issue was the full $8,000 was never in dispute. The case was tried and submitted to the jury under the theory that appellee would be entitled to recover the full $8,000 in earnest money plus interest or he would recover nothing at all. Under the evidence and charge, the first $8,000 of *any* verdict returned for appellee would unquestionably represent an award of the

principal amount being sought. See *Rouse v. Chance & Hopkins*, 27 Ga. App. 256 (108 SE 65) (1921); *Mize v. Mashburn*, 8 Ga. App. 408 (2) (69 SE 316) (1910). Compare *Walton v. Johnson*, 212 Ga. 378 (92 SE2d 861) (1956). Under these circumstances, the amount awarded by the jury as interest was clearly ascertainable and severable from the total amount of the verdict. Therefore, it was not error for the trial court to amend appellee's verdict and judgment by striking a portion thereof rather than to grant appellant a new trial. See generally *Haley v. Covington*, 19 Ga. App. 782, 783 (3) (92 SE 297) (1917); *McConnell v. Selph*, 30 Ga. App. 795 (2) (119 SE 438) (1923).

Judgment affirmed. *McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1986.

*W. Alford Wall*, for appellant.
*William B. Simpson*, for appellee.