## A04A1278. MOUNTAIN CREEK HOLLOW, INC. v. COCHRAN.
(607 SE2d 210)

ADAMS, Judge.

Mountain Creek Hollow, Inc. (MCHI) hired David Cochran, d/b/a Whitepath Water Gardens, to install landscaping in a newly developed residential subdivision. Following a dispute regarding contract compliance on both sides, Cochran filed suit and MCHI counterclaimed. A jury returned a verdict in favor of Cochran, and MCHI appeals.

Construed in favor of the verdict, the evidence shows that the original two contracts required MCHI to pay Cochran $49,256.78 ($4,979.18 plus $44,277.60) in exchange for his services. Cochran testified that he performed the work, that MCHI failed to pay $13,801.67 ($2,489.59 plus $11,312.08) of the total, and that interest was due in the amount of $9,787.30 on the unpaid balance. Cochran testified that he incurred attorney fees pursuing the case, but he did not testify to any amount or that the fees incurred were reasonable. MCHI counterclaimed, among other things, that Cochran breached the contract by failing to complete certain aspects of the work, and an agent of MCHI testified that the project had never been completed. The jury awarded Cochran $35,588.97, which was exactly $12,000 more than the unpaid balance plus interest. The verdict form did not separate these amounts; rather, it simply stated, "We the Jury find for the Plaintiff against the Defendant in the amount of $35,588.97." The form also indicated that the jury denied MCHI's counterclaim. MCHI did not object to the form of the verdict. MCHI appeals.

1. Cochran first challenges this court's jurisdiction to hear MCHI's appeal. The jury's verdict was entered by the court on August 14, 2003. MCHI failed to file a notice of appeal or a motion for new trial within the next 30 days. During that time, MCHI did file a rule nisi regarding a potential motion for new trial, but it did not file the actual motion until September 19, 2003. The motion stated that MCHI was seeking an extraordinary motion for new trial pursuant to OCGA § 5-5-41, and an affidavit of counsel was attached in which counsel explained that the failure to timely file was the result of a clerical error for which an employee had been fired. On January 16, 2004, the court granted the request for an extraordinary motion for new trial, but then it denied the motion itself.

Cochran contends that the motion was not timely under OCGA § 5-5-40 and that extraordinary motions for new trial are only available when there is newly discovered evidence. But an extraordinary motion may be filed more than 30 days after judgment, see OCGA § 5-5-41, and it may be based on circumstances other than newly discovered evidence. *Franz v. State*, 208 Ga. App. 677, 678 (2) (432 SE2d 554) (1993).

> OCGA § 5-5-41 (a) gives the trial judge the discretion to allow the filing of an extraordinary motion for new trial after the expiration of the 30-day period where "some good reason [is] shown why the motion was not made during such period."

*Martin v. Children's Sesame, Inc.*, 188 Ga. App. 242 (372 SE2d 648) (1988). Upon review of the reasons given by counsel, we cannot say the trial court abused its discretion.

Because this is not an appeal of the denial of an extraordinary motion for new trial separate from an original appeal, a discretionary application is not required, see OCGA § 5-6-35 (a) (7), and a direct appeal is allowed. See *Washington v. State*, 276 Ga. 655 (581 SE2d 518) (2003).

2. Next, MCHI contends the jury erred by awarding attorney fees when there was no proof of the amount or reasonableness of the fees. Cochran argues that the jury award was a lump sum amount and that MCHI's argument requires this court to speculate about whether the jury actually awarded some amount of money as attorney fees rather than consequential damages resulting from the breach of contract.

The verdict form did not have a space for the jury to indicate a separate award for damages, interest, and attorney fees. There was simply one blank where the jury indicated its total verdict of $35,588.97. This amount is exactly $12,000 more than what Cochran testified that he was owed including interest. MCHI did not object to the form of the verdict. Cochran argues that the verdict is silent on whether the jury considered the issue of attorney fees in making its award, and he suggests that the jury may have awarded other consequential damages for the breach of contract.

Attorney fees may not be awarded without proof of their amount and the reasonableness of the fees. *Cannon Air Transport Svcs. v. Stevens Aviation*, 249 Ga. App. 514, 519 (548 SE2d 485) (2001). If a jury improperly awards attorney fees, there is a remedy if this court can determine the amount of the illegal award:

> An appellate court may affirm the judgment of the lower court upon the condition that an erroneous judgment be corrected by writing off the illegal portion, if the illegal portion can be determined and is separable from the rest. *Reserve Life Ins. Co. v. Gay*, 214 Ga. 2 (102 SE2d 492) (1958).

*Dept. of Transp. v. Davison Investment Co.*, 267 Ga. 568 (481 SE2d 522) (1997). See also *Love v. Nat. Liberty Ins. Co.*, 157 Ga. 259 (121 SE 648) (1924).

In this case, we can determine the improper amount awarded. Cochran specifically and unequivocally testified to the amount that he was seeking in actual damages and interest. The jury awarded the full amount. The verdict cannot be read as awarding Cochran something less than the full amount of principal sought because MCHI raised its offset claim in the form of a counterclaim which was denied. The jury awarded $12,000 more than the principal and interest that Cochran sought; that amount can only be attributable to the attorney fee award. See, e.g., *Hub Motor Co. v. Zurawski*, 157 Ga. App. 850, 852 (4) (278 SE2d 689) (1981) ("Since the verdict obviously included

$3,175 in attorney fees, we will require this amount of the verdict to be written off."); *Talley-Corbett Box Co. v. Royals*, 134 Ga. App. 769, 770-771 (2) (216 SE2d 358) (1975) (based on testimony and pleadings, it was "quite clear" as to the amounts awarded, judgment affirmed on condition that the plaintiff write off the improper attorney fee award); *Fidelity & Cas. Co. v. Mangum*, 102 Ga. App. 311, 316 (9) (116 SE2d 326) (1960) (because jury awarded the full amount sought, one item of which was not recoverable, the court could determine the amount by which the verdict was excessive). Compare *Davison*, 267 Ga. at 569 (1) (impossible to separate erroneous amount); *Reserve Life Ins. Co.*, 214 Ga. at 3-4 (same); *Walton v. Johnson*, 212 Ga. 378, 380 (92 SE2d 861) (1956) (same); *Green v. Weaver*, 164 Ga. App. 286 (297 SE2d 57) (1982) (same).

Therefore the judgment is affirmed on condition that $12,000 be written off the award. See *Hub Motor Co.*, 157 Ga. App. at 852 (4).

*Judgment affirmed on condition. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 23, 2004.

*Clifford S. Lancey*, for appellant.
*Ray & McKinney, Robert M. Ray, Jr.*, for appellee.