**FIRST DIVISION
ELLINGTON, C. J.,
BARNES, P. J., and PHIPPS, P. J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 7, 2013**

# In the Court of Appeals of Georgia

A12A1848. REESE et al. v. FORD MOTOR COMPANY.              JE-084

A12A1953. FORD MOTOR COMPANY v. REESE et al.              JE-090

ELLINGTON, Chief Judge.

Following Mary Reese's death from an automobile accident, Reese's children and the executor of her estate ("the plaintiffs") filed suit against the Ford Motor Company ("Ford") in the State Court of Cobb County. A jury found in favor of Ford, and in Case No. A12A1848, the plaintiffs appeal from the judgment on the verdict. Before the appeal was docketed, however, the plaintiffs filed an extraordinary motion for new trial, which the trial court granted. Following the grant of an application for interlocutory appeal, Ford appeals this ruling in Case No. A12A1953. For reasons that follow, we affirm in Case No. A12A1953 and dismiss Case No. A12A1848 as moot.

The relevant facts show that, in November 2002, Mary Reese was driving a Ford Tempo when her car was struck from behind by a dump truck traveling at a high rate of speed. Reese, who sustained a broken back in the collision, died several weeks later. The plaintiffs filed suit against Ford and, in 2003, served discovery requests, which included the following request to produce:

> Please provide true, accurate, and complete copies of any and all insurance, indemnity, joint defense, hold harmless, cooperative, or other agreements by whatever name called, entered into by or on behalf of you and by or on behalf of any other party to this matter.

Ford provided the following response:

> Ford states that it has sufficient resources to cover any reasonable judgment that could be expected to be awarded as damages in this action, if any. Ford objects to this request on the grounds that it (a) is overly broad, (b) seeks documents that are neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) seeks the discovery of confidential or proprietary information or documents.

The case proceeded to trial, and a jury found in favor of the plaintiffs awarding $3 million in compensatory damages. Ford appealed, and this Court reversed based

upon an improper jury instruction. See *Ford Motor Co. v. Reese*, 300 Ga. App. 82, 83-88 (1) (684 SE2d 279) (2009).

Following a second trial, the jury rendered a defense verdict, and the trial court entered judgment on November 5, 2010. After judgment was rendered, the plaintiffs' lawyers learned of another case against Ford, *Young v. Ford Motor Co.*, which was also being tried in the State Court of Cobb County. In that case, the trial court sanctioned Ford for a similar discovery response after it was discovered that Ford had excess liability insurance coverage.[1]

On July 1, 2011, the plaintiffs filed an extraordinary motion for new trial. The crux of the motion was that Ford misled them by failing to identify its insurance carriers in response to their discovery request. Because Ford failed to identify those carriers, the jurors had not been qualified as to their relationship with the insurance carriers.[2]

---

[1] In *Young v. Ford Motor Co.*, Ford was sanctioned for responding to a request to produce insurance information with the statement that it had sufficient resources to pay for any judgment. Unlike the case at bar, Ford did not include any objection in its response.

[2] In Georgia, the right to an impartial jury mandates that the jury be qualified as to any insurers with a financial interest in the case. See *Smith v. Crump*, 223 Ga. App. 52, 54-56 (1) (476 SE2d 817) (1996).

The trial court granted the plaintiffs' extraordinary motion for new trial, finding that Ford's discovery response was designed to be misleading. The trial court interpreted the discovery response as meaning that Ford was entirely self-insured. Ford argued that its response was accurate because it showed the company was responsible for paying any "reasonable judgment." As the trial court noted, however, Ford's self-insurance was limited. When the plaintiffs initially filed suit, Ford was self-insured for damages of up to $25 million. In 2009, the self-insured limit decreased to $2 million. Given that the jury verdict following the first trial exceeded $2 million, the trial court noted that Ford's excess insurance would have to be utilized. In addition, the trial court castigated Ford for failing to disclose the insurance providers in the consolidated pre-trial order so that jurors could be fully qualified as to any relationship with the insurance providers. Because the court found that the plaintiffs were entitled to qualify jurors as to Ford's insurance and given Ford's concealment of the information, the trial court granted the plaintiff's extraordinary motion for new trial. Ford challenges this ruling on appeal.

"OCGA § 5-5-41(a) gives the trial judge the discretion to allow the filing of an extraordinary motion for new trial after the expiration of the 30-day period where some good reason is shown why the motion was not made during such period."

4

(Punctuation omitted.) *Mountain Creek Hollow v. Cochran*, 270 Ga. App. 612, 613 (1) (607 SE2d 210) (2004). Although such motions are generally predicated on newly discovered evidence, the granting of such a motion may be based on circumstances other than new evidence. See id. In ruling on an extraordinary motion for new trial, the trial court serves as factfinder. See *Cade v. State*, 107 Ga. App. 30 (1) (129 SE2d 405) (1962). We will not disturb a trial court's ruling on such a motion "unless it affirmatively appears that the court manifestly abused its discretion." (Punctuation omitted.) *Davis v. State*, 283 Ga. 438, 440 (2) (660 SE2d 354) (2008).

Here, the trial court found that Ford intentionally provided misleading discovery responses, which resulted in the jury not being properly qualified. The court thus granted the plaintiffs' extraordinary motion for new trial. Under these circumstances, we cannot say that the trial court abused its discretion. See, e. g., *Gilpin v. Swainsboro Ice & Fuel Co.*, 75 Ga. App. 574, 576 (44 SE2d 168) (1947) ("An extraordinary motion for a new trial is addressed to the sound discretion of the trial judge, and the discretion of the trial judge in overruling an extraordinary motion for a new trial will not, unless manifestly abused, be interfered with by this court.) (Punctuation omitted).

*Case No. A12A1848*

5

2. In light of our ruling in Case No. A12A1953, this appeal is dismissed as moot. See *Elgin v. Swann*, 315 Ga. App. 809, 810 (1) (728 SE2d 328) (2012) (mootness serves as basis for the dismissal of an appeal).

*Judgment affirmed in Case No. A12A1953; Case No. A12A1848 dismissed as moot. Barnes, P. J., and Phipps, P. J., concur.*