### 4159.   WHITE COMPANY *v.* AMERICAN MOTOR-CAR COMPANY.

1. Where, in an entire contract, an agency to sell certain articles man-ufactured by one of the parties is created for a specified territory, and, in furtherance of such agency, an order is given by the agent for the delivery at a future date of a certain number of the articles, for the purpose of being resold by the agent, a stipulation in the contract that the agent shall have the right to cancel the contract at any time, upon notice to his principal, relates both to the creation of the agency and to the order for the articles described in the contract.
2. An agent may be discharged for faithless or insubordinate conduct, but if one agree with another to pay the latter for the services of an employee to be furnished by him, it is the duty of the employer to notify the person sending the agent of any dissatisfaction with the latter's services, and the person sending the agent is entitled to recover of the employer any sums paid to the agent under the agreement, even though the agent's services were unsatisfactory, if no notice thereof was given to the person making the payment.

DECIDED JULY 2, 1912.

Complaint; from city court of Atlanta—Judge Calhoun.   March 26, 1912.

*Walter C. Hendrix, Mayson & Johnson,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman, John K. MacDonald Jr.,* for defendant.

POTTLE, J.   The White Company, a non-resident corporation, sued the American Motor-Car Company upon an open account. The defendant admitted the correctness of the account, except as to an item of $75, charged for the services of an automobile sales-man whom the plaintiff had sent to the defendant at the latter's request.   The defendant also in its answer claimed a set-off in the sum of $400, it being alleged that the plaintiff had been paid this sum by the defendant and had not accounted for it in the account

sued on. The case was submitted to a jury, and a verdict was returned in favor of the defendant, finding against the item of $75 charged in the account sued on, and in favor of the defendant's claim of $400. The plaintiff's motion for a new trial was overruled.

1. The case turns mainly upon the construction of a written contract between the parties. The plaintiff was a manufacturer of automobiles, and the defendant was engaged in the business of selling automobiles at retail. The contract was, in substance, as follows: Plaintiff agreed to sell defendant five automobiles at a specified price. Defendant ordered these five cars to be shipped upon specified dates in the future, covering a period of about nine months. Defendant paid the plaintiff $500, receipt of which was acknowledged by the plaintiff, "the same being a deposit of $100 on each of the automobiles ordered above; the balance due on each car shipped to be paid by sight draft attached to bill of lading. All money deposited hereunder at any time shall be and become the property of the first party, as liquidated damages, if second party fails to take any of the automobiles as ordered." Defendant was to have the exclusive sale in Fulton county, Georgia, of the automobiles manufactured by the plaintiff. Defendant agreed to order, accept, and pay for the automobiles, upon the terms and conditions specified in the contract, and to sell no machines except in the territory mentioned in the contract, or at a less price than the retail catalogue price; to have on hand at all times one or more demonstrating cars; to report, on or before the 10th of each month, the number of each automobile sold during the previous month, with the name and address of each purchaser, and not to contract for the sale of any other cars without obtaining the consent of the plaintiff and certain other automobile manufacturers. It was mutually agreed that the contract was to be subject to strikes, fire, delay, or other causes beyond the control of the plaintiff; that the plaintiff should have the right to reject any order for goods made by the defendant as it might deem fit; that if the defendant should sell cars in territory other than in Fulton county, plaintiff had the right to charge defendant the full retail price received by the defendant. The contract contained the further stipulation: "This agreement to take effect from and after its acceptance by said first party, which acceptance is evidenced only by the signature of an officer or branch-office manager, acting within his authority, of the

said first party hereunto, and the same is to continue in force until September 1, 1908, but it may be dissolved by either party giving notice; and in case of violation of this contract by said second party, the first party may cancel it without notice. This contract supersedes all contracts of prior dates."

The contract was regularly accepted by the plaintiff, and one of the cars shipped out, accepted, and paid for by the defendant. A second car was also shipped, but while en route to Atlanta the defendant notified the plaintiff in writing that it desired to dissolve and cancel the contract. In response to this notice the plaintiff wrote to the defendant, acknowledging receipt of the notice of dissolution, and stating that, while the notice was received too late to stop the second car which had been shipped, as soon as freight charges were ascertained the plaintiff would bill defendant for the charges. There is no issue in the case as to this second car. It is inferable, from the testimony, that this matter was satisfactorily adjusted between the parties. The plaintiff contends that under this contract there was a completed sale of the five automobiles to the defendant, and that, the defendant having failed to take and pay for four of the cars, it became, under the contract, indebted to the plaintiff in the sum of $400 as liquidated damages. The defendant contends that the stipulation in the contract that the plaintiff should be allowed to retain the $400 in case of a breach by the defendant, while denominated "liquidated damages" in the contract, was really in the nature of a penalty; that the plaintiff would be entitled to recover only the actual damages which it had sustained, and that there was no proof of any such damages. The defendant further contends that even if this stipulation is valid and enforceable, it nevertheless had a right, under the express terms of the contract, to dissolve the contract by giving notice to the plaintiff, and that the stipulation giving the right of dissolution applied to the whole contract, both that part of it which created an agency to sell automobiles, and that part in which the defendant had agreed to take and pay for five automobiles.

In our opinion the contract was an entire one. The plaintiff appointed the defendant its agent to sell automobiles in a specified territory. It was expected that the defendant would be able to place at least five of the cars, and a preliminary order for this number of cars was given. Taking the whole contract together, a

fair construction of it is that if the defendant ascertained that it would be unable to place the plaintiff's cars in the territory mentioned in the contract, it would have a right to dissolve and cancel the entire contract. In other words, the order for the cars was inseparably connected with the agency of the defendant. If the agency was dissolved or ceased to exist by any act on the part of either the plaintiff or the defendant, under the contract the plaintiff was under no obligation to furnish the cars, and the defendant was under no obligation to take them. The defendant was not buying the cars under this contract for its own use. That was well understood by both parties. But the cars were ordered for the purpose of being resold at retail, and the only fair interpretation which can be given to the contract is that if the defendant could not resell these cars and could not create a market for them in Fulton county, Georgia, it would have the right to notify the plaintiff to this effect, and thereupon the contract would cease and the defendant would be under no further obligation to take any cars under the terms of the contract. The stipulation giving the defendant the right to cancel the contract was inserted therein for the defendant's benefit, and the evident purpose of it was to guard against loss to the defendant by reason of its inability to create a market for the plaintiff's cars and to resell cars which it had ordered under the contract. Unless the contract be given this construction, the result would be that although it was well known and well understood between the parties that the defendant did not desire the cars for its own use, yet if it failed to sell the cars it would be bound to take and pay for them, though they would be practically worthless to the defendant for the purpose for which they were ordered. Again, if the stipulation as to cancellation applied only to that part of the contract which created the agency, then the result would be that the defendant would be no longer the plaintiff's agent and authorized to sell its cars in Fulton county, yet it would have on hand five cars which it had been unable to dispose of as the contract contemplated would be done. There is nothing in the contract which shows that the parties intended that the stipulation in reference to the notice of cancellation should apply only to one portion of the contract, and, being an entire one; there is no reason for holding that, upon notice given, the whole contract was not dissolved,—the part relating to the purchase of machines

described in the contract, as well as the agency for the sale of machines in the future. This being, in our opinion, the proper construction to be given the contract, it is unnecessary to determine the question whether the stipulation relating to the retention of the $400 as liquidated damages is enforceable. The whole contract having been dissolved, the plaintiff was bound to return to the defendant the $400 held on deposit as part payment on the cars which were not shipped out.

2. It appears, from the correspondence and testimony of witnesses, that after the execution of the contract the defendant desired the services of an expert salesman for the cars manufactured by the plaintiff. The defendant wrote to the plaintiff asking that such a salesman be sent to Atlanta, and agreeing to pay the salesman $25 a week for his services. It appears from the evidence that for convenience an arrangement was made whereby the salesman was to be paid by the plaintiff, and the defendant was to reimburse the plaintiff for the amount so expended. The salesman came and remained in Atlanta for three weeks, but his services were unsatisfactory. According to the testimony for the defendant, he was intoxicated a part of the time and refused to sell cars in the defendant's territory, but claimed the right to go outside of this territory and solicit orders for cars. The salesman did not arrive promptly upon the date on which he was to have reached Atlanta, under the terms of the agreement between defendant and plaintiff. It is undisputed that the defendant did not notify the plaintiff that the services of the agent were unsatisfactory, but allowed the salesman to remain in Atlanta for a period of three weeks, knowing at the time that he was being paid $25 a week by the plaintiff, and that it expected to be reimbursed this sum by the defendant. Under the circumstances it was clearly the duty of the defendant to notify the plaintiff promptly that the services of the salesman were unsatisfactory and that the defendant would not pay for the same. If the contract had been made directly with the salesman the case would have been altogether different. The grossly negligent and improper and insubordinate conduct of the salesman, as shown by the testimony of the defendant's witnesses, was such as to have clearly justified its refusal to pay the salesman anything. But in view of the fact that the defendant knew that the plaintiff was to pay the salesman and look to the defendant for reimburse-

ment, it was clearly the duty of the defendant to have notified the plaintiff not to pay the salesman. In the absence of such notice the plaintiff had a right to assume that the services of the salesman were satisfactory, and, under the undisputed evidence, the plaintiff was entitled to recover the $75 paid the salesman under the agreement with the defendant. The defendant having recovered a verdict for $109.23, besides interest, direction is given that the sum of $75, together with interest thereon from April 17, 1908, at the rate of 7 per cent. per annum be written off from the verdict and judgment; that the costs of this writ of error be taxed against the defendant in error; the judgment of the court below, overruling the motion for a new trial, being affirmed.

*Judgment affirmed, with direction.*