### 10665. TIFT v. SHIVER & AULTMAN.

JENKINS, P. J. Shiver & Aultman, a partnership, brought an action to recover $303.16, of which sum $250 was alleged to have been deposited by them with the defendant, A. C. Tift, as a bonus, in accordance with the provisions of a dealer's contract entered into between them, which contract, under authority contained therein, had been cancelled by the defendant, and which provided that upon its cancellation by either party the defendant was to return this deposit to the plaintiffs, or so much thereof as should remain due, after applying such part of the deposit as might be necessary to settle and pay all indebtedness and claims owing by the plaintiffs to the defendant. The defendant set up as a defense certain damages alleged to have been sustained by him because of the failure of the plaintiffs to order out and pay for certain automobiles under the contract, and also that the plaintiffs were indebted to him in the sum of $22.32 for certain advertising matter furnished by the defendant and accepted by the plaintiffs under the terms of the contract. He also contended that the suit for the deposit paid in under the terms of the contract could not be maintained for the reason that the plaintiffs had not themselves complied with the contract, for the reason already stated. The defendant made a motion to dismiss the petition, upon the ground that it did not really allege that the deposit sued for had actually been paid to the defendant. This motion the court overruled, and to this judgment the defendant entered exceptions pendente lite. The jury returned a verdict in favor of the plaintiffs for the full amount sued for, but judgment was only entered up for the principal sum of $300, since two of the items sued for were not proved. The defendant made a motion for a new trial, and to the judgment overruling the motion he excepted. *Held:*

1. "Exceptions pendente lite can not be considered unless error is assigned thereon either in the main bill of exceptions or in the reviewing court by counsel for plaintiff in error before argument begins." *Jones* v. *State,* 21 *Ga. App.* 22 (93 S. E. 514). While the bill of exceptions recites that exceptions pendente lite were duly taken to the overruling of the motion to dismiss the plaintiff's petition, no assignment of error was made either in the bill of exceptions or in this court, and the judgment overruling the motion to dismiss can not be considered.

2. The court did not err in permitting the witness for the plaintiff to testify to the payment made by check to the defendant, without first introducing in evidence or accounting for the check by which the payment was made. While evidence of the manner of payment, identifying the specific checks claimed to have thus been turned over in payment, would add probative value to the proof relied on to establish such payment, the act of payment is the essential fact to be shown. *Armour Fertilizer Works* v. *Dwight,* 22 *Ga. App.* 144 (1) (95 S. E. 746).

3. An executory contract for the future sale of a commodity is not enforceable unless by the terms of the agreement it is so intended, and there is mutuality of obligation and certainty as to the subject-matter and the price. Under the rule just stated, a dealer's contract establishing such a relationship between the local dealer and the defendant distributor of automobiles, which provides that the distributor is to furnish (provided he is able to do so), and in which the dealer, acting in his capacity as such, agrees to accept, a certain number of cars to be selected from an attached schedule of models at prices which are subject to change by the distributer, does not constitute a binding executory contract of purchase and sale; and it is necessary that the dealer shall, during the life of the contract, particularly specify the cars which are to be thus furnished, in order to consummate the agreement as one of absolute purchase and sale (*Overland Motor Car Co.* v. *Hill,* 145 *Ga.* 785, 89 S. E. 833); especially is this true where it is also provided that either party has the arbitrary right to cancel the agreement on notice at any time. *White Co.* v. *American Motor-Car Co.,* 11 *Ga. App.* 285 (75 S. E. 845). While it is the general rule that a party claiming solely under and by virtue of the terms of an alleged executed contract must show performance on his own part (*Bennett* v. *Burkhalter,* 128 *Ga.* 154, 57 S. E. 231), still, even if the purport of the present suit be so construed, the expressed purpose and intent of the contract being considered, and the agreement being inchoate as to any purchase and sale, the failure of the dealer to specify and order out any of the cars would not, therefore, constitute such non-performance on his part as would prevent a recovery by him of the bonus paid in under the terms of the dealer's contract, nor could such failure be pleaded by way of damages in answer to such a suit.

4. The evidence demanded a verdict in favor of the plaintiffs in the amount of the judgment rendered, less the item set up by the defendant for advertising matter; for which sum, under the terms of the contract and the undisputed evidence, the plaintiffs are liable. This ruling being controlling, the special grounds of the motion for a new trial not

specifically disposed of need not be considered, and the judgment is affirmed, with direction that when the judgment of this court is made the judgment of the court below, the plaintiffs write off from the judgment rendered the sum of $22.32.

*Judgment affirmed, with direction. Stephens and Smith, JJ., concur.*

DECIDED DECEMBER 23, 1919.   REHEARING DENIED FEBRUARY 7, 1920.

Action on contract; from city court of Tifton—Judge Price. June 2, 1919.

*Fulwood & Hargrett,* for plaintiff in error.

*J. S. Ridgdill,* contra.