53741. KARP v. NIVER et al.

WEBB, Judge.

Plaintiff appeals from defendants' jury verdict and judgment in this intersectional collision case. We affirm.

1. Enumeration of error 1 complains that the court erred in failing to direct a verdict in plaintiff's favor on the question of liability where the defendant ambulance driver admittedly drove the ambulance into the intersection against a red light without slowing down or looking to make certain the way was clear. This enumeration is without merit.

The driver claimed the privileges applicable to emergency vehicles (Code Ann. § 68A-107) and testified as to the victim's broken arm, bleeding, chest pains, etc. resulting from a horse falling on him, that he considered the patient to be an emergency victim, and that he felt it was important to get him to a hospital as rapidly as possible. In response plaintiff points out that an ambulance responding to an emergency call may proceed past a red light, "but only after slowing down as may be necessary for safe operation" (Code Ann. § 68A-107 (b)). In his excellent brief plaintiff contends that the "ambulance driver *admittedly* violated the law by entering an intersection against a red light without slowing down or looking to make certain that the way was clear." (Emphasis supplied.) We fail to find in the record support for this assertion. Furthermore, on oral argument, in response to this court's question, counsel for plaintiff stated that *he does not contend* that the ambulance driver *admitted* that he was not slowing down. We find no error in overruling the motion for directed verdict.

2. Plaintiff complains that the court erred in charging the last clear chance doctrine. As we read the charge, it seems clear to us that the trial court was charging the ambulance driver's, and not the plaintiff's, last clear chance to avoid the collision. Since harm as well as error must be shown (*Dill v. State,* 222 Ga. 793 (1) (152 SE2d 741) (1966)), and a beneficial charge is harmless, we find insufficient cause for reversal.

3. The final enumeration complains that the court erred in permitting a volunteer attendant in the ambulance to testify that the patient was in such condition as to create an emergency situation for the driver. This testimony was cumulative to that of the driver noted in Division 1, above, and shows no cause for reversal even if erroneously admitted. *Luke v. State,* 131 Ga. App. 799, 806 (207 SE2d 213) (1974).

*Judgment affirmed. Deen, P. J., and Marshall, J., concur.*

ARGUED APRIL 7, 1977 — DECIDED APRIL 15, 1977 — REHEARING DENIED MAY 9, 1977 — 

*Lee & Clark, Fred S. Clark,* for appellant.
*Falligant, Kent & Toporek, A. Martin Kent, Charles W. Barrow, A. Parker Barnes, Jr.,* for appellees.