63695. GEORGIA POWER COMPANY v. BISHOP.

DEEN, Presiding Judge.
Georgia Power Company condemned portions of two tracts of Bishop's land for an easement. (.173 acres of tract 1 were condemned and .49 acres of tract 2.) A special master awarded the property owner $4,630.40 and the award was appealed to the superior court where a jury verdict awarded Bishop $30,000. Georgia Power appeals following the denial of its motion for a new trial.

1. The trial court did not err in recharging the jury after the court was notified that it could not reach a verdict. The "Allen" charge has been held not to be coercive of the minority jurors as long as it contains cautionary instructions to the effect that a juror is not required to surrender an honest opinion which differs from that of the majority. *Willingham v. State,* 134 Ga. App. 603, 607 (215 SE2d 521) (1974); *Herrin v. State,* 138 Ga. App. 729 (227 SE2d 498) (1976). The charge given was practically identical with that approved in *Willingham,* supra.

2. It was not error for the court, after the jury was polled and a

juror revealed that his verdict was not freely and voluntarily given, to refuse to accept the verdict and to instruct the jury to retire and continue its deliberations rather than declare a mistrial. *Quakenbush v. Quakenbush,* 230 Ga. 649 (198 SE2d 851) (1973); *Ponder v. State,* 11 Ga. App. 60 (74 SE 715) (1912). See also *Wooten v. State,* 19 Ga. App. 739 (92 SE 233) (1917).

3. The trial court properly denied Georgia Power's motion in limine which sought to bar testimony as to the location of the easement. The trial judge ruled that the matter could be addressed by objections if and when it arose. It is well established that "Code Ann. § 36-603a provides that the condemning body shall be the *exclusive* judge of public need for, and amount of, property to be taken, and the courts may not interfere with that legislative discretion *unless* the condemning authority has acted in bad faith or beyond the power conferred upon it by law." *City of Atlanta v. First Nat. Bank,* 246 Ga. 424 (271 SE2d 821) (1980). However, the trial court pointed out that the taking is complete and the sole issue before it is the value to be awarded the taking.

On cross-examination, the condemnor asked the condemnee's witness: "If the line wasn't there? You're saying then that because the line is there the property wouldn't be any good." A: "You, could sell it, but not at value price that you could get if the line wasn't there." When the next witness was questioned, counsel for appellee asked: "Do you have an opinion, Mr. Bishop, as to whether or not the damages to your remaining properties would have been less . . . if the line were on the back side of your property as opposed to coming down the middle of it?"

The question as to where the power lines might have been placed was irrelevant in determining amount of consequential damages to the condemnee's remaining property. However, we find that any error incurred in allowing this testimony before the jury was harmless because the verdict was within the range of the evidence.

4. Appellant contends that the trial court erred in denying its motion to strike testimony of value given by the condemnee's two witnesses because a sufficient foundation was not laid to show that the witnesses had sufficient knowledge capable of forming an opinion.

Under Code § 38-1709, a non-expert witness can testify as to value if he has a sufficient opportunity for forming a correct opinion. Both the witnesses showed a sufficient basis for forming a correct opinion. Whether a witness is qualified is within the discretion of the trial court; his credibility is for the jury. *Cordell Ford Co. v. Mullis,* 121 Ga. App. 123 (173 SE2d 120) (1970); *Dept. of Transp. v. Great Sou. Enterprises,* 137 Ga. App. 710 (225 SE2d 80) (1976). The trial

judge did not abuse his discretion in allowing this testimony. The first witness testified that he bought and sold land in the community, attended public sales of property, negotiated property sales in the community, participated in discussions of land sales, had become aware of various property sales in the area of the land in question, was familiar with real estate values, and was familiar with the structures erected on Bishop's land. See *Dept. of Transp. v. Turner,* 148 Ga. App. 354 (251 SE2d 182) (1978).

The condemnee also testified as to his opinion of the fair market value of the land in question and as to consequential damages. His testimony showed that he also had ample opportunity for forming a correct opinion. He owned the land for at least fifteen years and was thoroughly familiar with it, bought and sold property in the community, attended public sales, and heard and participated in discussions as to the buying and selling of land in both the community and area in question. We find no error. See *Clark v. Peck,* 134 Ga. App. 868 (216 SE2d 687) (1975).

5. Appellant contends that the trial court erred in charging the jury that three of its exhibits were allowed into evidence only for the limited purpose of credibility and thoroughness of one of the witness' manner and method of making the appraisal and not to prove the actual value of the property which is a matter for jury determination. Appellant argues that singling out these exhibits from other similar exhibits destroyed the effectiveness of the witness.

A review of the transcript reveals that after a discussion of the admissibility of these exhibits, they were offered for admission into evidence by the appellant for this specific limited purpose. "[T]hat to which opposing counsel agree during the progress of a trial cannot be assigned as error." *Chandler v. State,* 219 Ga. 105, 114 (131 SE2d 762) (1963). Appellant cannot now complain on appeal that the court charged the jury as to the limited purpose for which these exhibits were offered.

6. The jury was charged: "You are entitled to consider the peculiar value of property to the owner under certain conditions, but before you consider the peculiar property to the owner, you must first find that the relationship of the owner thereto is peculiar, that is, its advantages to him are more or less exclusive and would not likely apply to another owner. You are only entitled to consider matters involving money value and not speculative, sentimental, whimsical or other value not capable of mathematical calculation." The trial court also charged the jury that where an easement is taken two kinds of damages were to be considered; direct damages (value of the property taken) and consequential damages (difference in fair market value of remaining land before and after the taking). Appellant contends it

was error to give the charge on unique value because the evidence did not show that the condemnee's land was unique.

Unique property is property which must be valued according to its peculiar value to the owner and is an alternative to the fair market value standard. *Dept. of Transp. v. Vest,* 160 Ga. App. 368 (287 SE2d 85) (1981); *Housing Auth. &c. of Atlanta v. Sou. R. Co.,* 245 Ga. 229 (264 SE2d 174) (1980). In giving this charge on unique value, however, the court in the present case did not make it clear to the jury that this method of damages is an alternative to the fair market value method where such a method will not give the condemnee just and adequate compensation. See *State Hwy. Dept. v. Augusta Dist. of N. Ga. Conference of Methodist Church,* 115 Ga. App. 162 (154 SE2d 29) (1967) where the court held that the alternative method of determining value applied to cases where an easement was taken.

It has been held that the giving of a charge on unique value is error where such a charge is not supported by the evidence. *State Hwy. Dept. v. Thomas,* 106 Ga. App. 849 (128 SE2d 520) (1962). In *Housing Auth. &c. of Atlanta v. Troncalli,* 111 Ga. App. 515 (142 SE2d 93) (1965), this court found that slight evidence was sufficient to authorize a charge on unique value. In *City of Gainesville v. Chambers,* 118 Ga. App. 25 (162 SE2d 460) (1968), the court rejected what it felt was a too sweeping statement of uniqueness in *Troncalli,* held that the property had to have peculiar value to the owner, and found that the charge was not authorized as there was no evidence that fair market value would not give the owner just and adequate compensation. In *Dept. of Transp. v. Vest,* supra, the department's appraiser found that the damages totaled $52,115 while the condemnee's appraisers found damages of $89,934 and $88,250 respectively. Vest's estimate was $149,000, but he was not qualified as an expert and offered no basis for his valuation. The jury award was $136,000. In the present case, the verdict was above the value of the condemnor's appraisers, but below that given by the witnesses for the condemnee. Georgia Power's two appraisers testified that the fair market value of the easement was $965 and $325 respectively and that there were no consequential damages. The condemnee's witness testified that the fair market value of the easement and the consequential damages to the two tracts totaled $30,758. The condemnee contended that these damages amounted to $49,197.50. The jury returned a verdict of $30,000.

Although it was error to charge on unique value because it was not authorized by the evidence and the trial court should have instructed the jury that unique value is an alternate method of finding just and adequate compensation, the appellant has not shown that he was harmed by the jury verdict. The jury was charged that it

was first to find that unique value existed and, if it did so find, then it could award peculiar value damages. However, as there was no evidence of unique value, it could not make such an award and the verdict shows that it was within the range of the testimony. Indeed, it was below that value assigned by the witnesses for the condemnee.

The burden is on the party seeking reversal to show not only error, but also injury arising from the alleged error. *Giant Peanut Co. v. Carolina Chem.*, 133 Ga. App. 229 (211 SE2d 155) (1974). Error is presumed harmful unless it appears to have no effect upon the result of the trial. *Foster v. Harmon*, 145 Ga. App. 413 (243 SE2d 659) (1978). Accordingly, we find that the error was not harmful.

7. Georgia Power further contends that it was error for condemnee's counsel to be permitted to question prospective jurors on voir dire as to whether they had any notion or idea that a person has a civic or moral duty to contribute his property to the condemnor. This question was posed to four of the first five prospective jurors. Condemnor's counsel cross-examined the fifth juror on this question. At this point, the court instructed the jurors that the law provided for compensation in condemnation cases and that as jurors it would be their duty to determine the amount of compensation. When the next juror was examined, the same question was posed without objection. Condemnor's counsel finally raised an objection when the question was asked of the seventh juror. The court sustained the objection as to the manner in which the question was asked and held that counsel could inquire as to a juror's personal idea toward a gift program when civic matters are involved ". . . but as to whether or not they feel landowners ought to give their property for public uses, I find that question a matter of law addressed to the jury in this case . . . I find it calling on a juror to make a legal interpretation." The question was not posed to the next four jurors, but the fifth juror was asked, "In spite of the fact that a person is entitled to be compensated for their land, do you have any private notion that . . . perhaps they should give their land?" After objection, the court held that the question was acceptable.

It is well established that failure to object promptly constitutes a waiver. *Shannon v. Kaylor*, 133 Ga. App. 514 (211 SE2d 368) (1974); *Bailey v. State*, 157 Ga. App. 222 (276 SE2d 843) (1981). Therefore, any error which might have been committed prior to the court's instruction as to the form of the question is waived. As to the question held to be acceptable, we find that the trial court has the discretion to determine which questions are impermissible. *Hart v. State*, 137 Ga. App. 644 (224 SE2d 755) (1976). It was not an abuse of the court's discretion to permit counsel to reword the question so it became a valid question in determining ". . . any factor or circumstance

indicating any inclination, leaning or bias which the juror might have respecting the subject-matter of the suit." Code Ann. § 59-705.

8. The general grounds are also without merit. "A value finding in a condemnation case will not be set aside as inadequate or excessive where it is within the range of the evidence." *Freedman v. Housing Auth. &c. of Atlanta,* 108 Ga. App. 418 (136 SE2d 544) (1963).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 15, 1982.

*Robert W. Chasteen, Jr.,* for appellant.
*Thomas E. Pujadas, W. Emory Walters,* for appellee.