71088. DEPARTMENT OF TRANSPORTATION v. 19.646 ACRES OF LAND et al.
(342 SE2d 760)

BEASLEY, Judge.

The Department of Transportation appeals from a judgment entered in a condemnation proceeding under OCGA Ch. 32-3.

1. DOT contends the trial court erred in charging the principle of law regarding uniqueness and peculiar value.

This court recently approved a liberalized and more expansive interpretation of the terms unique property and peculiar value. *Dept. of Transp. v. 2.734 Acres of Land,* 168 Ga. App. 541, 543 (3) (309 SE2d 816) (1983). In addition, the issue whether or not property is unique is a jury question. *Dept. of Transp. v. Dixie Hwy. Bottle Shop,* 245 Ga. 314, 315 (265 SE2d 10) (1980). "[O]nly slight evidence is necessary to authorize a jury verdict on . . . uniqueness . . . and the subsequent recovery of its losses, . . . It is up to the jury to decide whether enough evidence exists to support the condemnee's contention that fair market value (if ascertainable at all) does not afford him just and adequate compensation." *Dept. of Transp. v. 2.734 Acres of*

*Land,* supra at 542, 545. Tested by these principles, a jury could have found that the testimony of one of condemnee's witnesses fell within the definitional concept of unique property and included evidence of peculiar value.

Even if this were not true, the verdict was well within the range of evidence of fair market value and DOT has not carried its burden of demonstrating not only error but harm. *Georgia Power Co. v. Bishop,* 162 Ga. App. 122, 125-6 (290 SE2d 328) (1982).

2. DOT contends that the trial court erroneously charged the jury concerning the award of consequential damages based on inconvenience and the necessity of circuity of travel. The sole complaint is that there was no evidence to warrant such a charge. "Where there is any evidence, however slight, upon a particular point, it is not error for the court to charge the law in relation to that issue." *Smith v. Lott,* 246 Ga. 366, 367 (271 SE2d 463) (1980). Accord *Garner v. Mears,* 97 Ga. App. 506, 509 (1) (103 SE2d 610) (1958). There was ample evidence regarding the inconvenience of using the remaining land, imposed by the taking, to authorize the charge as given.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 17, 1986.

*Michael J. Bowers, Attorney General, Charles O. Oxford, Special Assistant Attorney General,* for appellant.

*J. Harvey Davis, W. Emory Walters, Joe D. Whitley,* for appellees.