A92A2420. BOULDEN et al. v. FOWLER.
(429 SE2d 692)

JOHNSON, Judge.

This is the second appearance of this case in this court. In *Boulden v. Fowler*, 202 Ga. App. 237 (414 SE2d 263) (1991), we reversed the trial court's dismissal of the appeal on the ground that there had been an unreasonable and inexcusable delay in filing the trial transcript. The case is now before us for consideration of the appeal on its merits. Specifically, Kathryn and David Boulden raise three enumerations of error regarding jury instructions given in the trial at which they were awarded a verdict in the amount of $10,000 for injuries Kathryn Boulden sustained in a motor vehicle accident.

1. Boulden first asserts that the trial court erred when it charged the jury on the law of collateral source. Because no specific references to the record are given (in contravention of Court of Appeals Rule 15), it is difficult to ascertain which portion of the charge appellant finds objectionable. The record reveals that the trial court refused to give defendant's requested charge on the collateral source rule. OCGA § 51-12-1. A charge was given regarding the mandatory provisions of the no-fault law, and the jury instructed that any award for loss of earnings should be reduced by the $2,500 Boulden had already received. OCGA § 33-34-9. No exception was taken to that charge, however. "It is axiomatic that a party cannot complain of the giving of an instruction to the jury unless he objects thereto after the court has instructed the jury and before the jury returns a verdict." *Rodriguez v. Davis*, 202 Ga. App. 550, 551 (1) (415 SE2d 41) (1992). No proper objection to the jury charge having been made, there is nothing before us to review.

2. Boulden next complains that the trial court erred when it charged the jury on the law of driving under the influence. David Boulden, who was driving the car in which Kathryn was riding when she was injured, admitted to having consumed two beers three to four

hours prior to the collision. The police officer who investigated the accident testified that he did not smell alcohol on Boulden's breath or observe any signs that he was under the influence of alcohol. Compare *Seitz v. McCullough*, 138 Ga. App. 147 (225 SE2d 917) (1976). Having given his opinion earlier that the collision was caused by the other vehicle failing to yield the right-of-way, the investigating officer responded on cross-examination that it would not change his opinion in any way if he knew that David Boulden had consumed the alcohol several hours earlier. The court instructed the jury that it is unlawful for a person to drive while under the influence of alcohol to the extent that it is less safe for the person to drive and that the jury must decide whether David Boulden was driving under the influence of alcohol to the extent that it was less safe for him to drive.

There is absolutely no evidence that the alcohol consumed by David Boulden in any way affected his driving as of the time of the collision. There was absolutely no evidence that he was a "less safe driver" as a result of having consumed alcohol. "A charge on an issue not warranted by the evidence should not be given to the jury." *Ware v. Martin*, 209 Ga. 135 (4) (70 SE2d 759) (1952). "Substantively correct or not, a charge which is not authorized by the evidence . . . is presumed to be harmful. . . . Instructions not warranted by the evidence are cause for a new trial unless it is apparent that the jury could not have been misled thereby." (Citations and punctuation omitted.) *Petrolane Gas Svc. v. Eusery*, 193 Ga. App. 860, 862 (2) (389 SE2d 355) (1989). The charge on driving under the influence was unsupported by the evidence, and it is reversible error to have given it.

3. Finally, Boulden asserts that the trial court erred in charging the jury on the law of assumption of the risk. In light of our holding in Division 2, there is no evidence that there was risk to assume, and giving this charge would be error as well. However, assumption of the risk is an absolute defense and the jury could not have found that Kathryn Boulden "assumed the risk" and still awarded her damages. See *Benson v. Tucker*, 160 Ga. App. 217, 218 (3) (286 SE2d 485) (1981). Therefore, even if the trial court erred in giving this charge, it was harmless.

*Judgment reversed. Pope, C. J., and Carley, P. J., concur.*

DECIDED MARCH 12, 1993 —
RECONSIDERATION DENIED MARCH 22, 1993 ▮▮▮▮▮▮▮▮

*David Wolfe & Associates, L. David Wolfe, Susan E. Teaster*, for appellants.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin,*

*Jr.*, for appellee.