*lidge III*, for appellees.

■

A95A2152. DEPARTMENT OF TRANSPORTATION v. DAVISON
INVESTMENT COMPANY, INC. et al.
(470 SE2d 900)

McMurray, Presiding Judge.

The Department of Transportation (DOT) condemned 6.164 acres from a tract of approximately 134 acres owned by condemnee Davison Investment Company, Inc. The condemnor paid $24,300 into the registry of the superior court as the estimated just and adequate compensation for the property condemned. Condemnee Davison Investment Company, Inc. filed its answer and appeal of the amount of compensation. The motion to intervene as additional condemnees of Mayes Davison and Agnes Davison Ray was granted, and following discovery, the case was tried before a jury which returned a verdict awarding the condemnees the sum of $316,000. The judgment followed the verdict, and condemnor appeals. *Held*:

1. Condemnor's first enumeration of error complains that the testimony of condemnees' expert witness should have been excluded at least insofar as it reflected an incorrect method of evaluating just and adequate compensation for the property actually taken. In argument, condemnor seems to concede that this witness complied with earlier case law concerning appropriate appraisal methodology, but complains that unrealistic numbers are submitted to the courts even after the recent decision of *Dunaway v. Columbia County*, 213 Ga. App. 840 (447 SE2d 31). The "new danger" perceived by condemnor lies in the need to appraise the land actually condemned as a separate entity, yet the supporting argument that the "appraisal method unjustly multiplied the value of the condemned property out of proportion to the value of Condemnees' total property prior to taking" is little more than a restatement of the pro rata method disapproved in *Bland v. Bulloch County*, 205 Ga. App. 317 (422 SE2d 223). The present case well demonstrates the inadequacy of a pro rata evaluation since the land taken was part of a small fraction of the property identified as being best suited for commercial purposes while the bulk of the acreage had no potential beyond its use as pasture or farmland. This enumeration of error lacks merit.

2. Condemnor also enumerates as error the refusal of the trial court to prohibit condemnees' expert's testimony regarding unsubstantiated and speculative uses for the land actually taken. At the time of the taking the land was being used as farmland. But condemnees' expert determined that the highest and best use of that portion of the property actually taken was commercial and based his

estimate of its value on that potential. " '(T)he fact that the property is merely adaptable to a different use is not in itself a sufficient showing in law to consider such different use as a basis for compensation. It must be shown that such use of the property is so reasonably probable as to have an effect on the *present value* of the land. (Cit.)' (Emphasis supplied.) *Dept. of Transp. v. Great Southern Enterprises*, [137 Ga. App. 710, 713 (225 SE2d 80)]." *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304 (425 SE2d 380).

Condemnor maintains that condemnees' expert did not lay a sufficient foundation to establish that the projected commercial use for the land was reasonably probable. But, while testifying as to the pattern of commercial development in the area, the expert opined that commercial development would have advanced towards the farm if the property had been for sale. The condemned land was within the city limits of Royston and thus had services available from that entity including utilities, fire protection, and police protection. There was substantial nearby commercial development and a lengthy frontage on Georgia Highway 17, a road on which there was already much commercial development.

"[I]t is within the trial court's discretion to determine whether the evidence shows that the subject property is reasonably suited for a use different from its existing use, and it may admit or exclude evidence of value for such other use. Its ruling admitting or excluding such evidence will not be reversed unless there was a manifest abuse of its discretion. *Dept. of Transp. v. Great Southern Enterprises*, 137 Ga. App. 710, 713 (2)[, supra]." *Colonial Pipeline Co. v. Williams*, 206 Ga. App. 303, 304, supra. Under the circumstances of the case sub judice, we find no manifest abuse of discretion in the trial court's admission of valuation testimony reflecting the condemned land's enhanced value based on its potential for commercial development. See *Dept. of Transp. v. Benton*, 214 Ga. App. 221 (1), 222 (447 SE2d 159).

3. Condemnor contends that the trial court erred in charging the jury that "while fair market value is ordinarily the same as actual value, there may be circumstances in which it may not be the same and under those circumstances your measure of damages would be actual value. It is up to you to determine whether such circumstances exist." While slight evidence that the property taken was unique may have authorized such a charge, we agree with condemnor's contention that no such evidence was presented at trial. Condemnees have failed to show any reason that the actual value of the property to them would not be the same as market value. See "the three recognized tests for determining whether property is unique, pursuant to *Department of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (309 SE2d 816) (1983). . . ." *MARTA v. Funk*, 206 Ga. App. 868, 873 (2) (c) (426 SE2d 623). Nonetheless, there was no evidence of value at

trial other than "fair market value," that is, no evidence of an actual value different from market value to which the jury might have applied these instructions. Under these circumstances no harm has been shown to result from this error and reversal on this basis is not required.

4. Mayes Davison operated a cattle farm on the 134 acres owned by condemnee and lived in a home on a contiguous one-acre tract owned by Agnes Davison Ray. Over condemnor's objections the condemnees' expert witness was permitted to testify as to a $25,000 diminution in value of the residential tract which resulted as a consequence of the taking of a portion of the cattle farm. Mayes Davison later testified that this loss of value was $50,000. "[C]onsequential damages cannot be awarded in an eminent domain case to contiguous tracts of land which have different ownership from the tract in which the taking occurs." *Ga. Power Co. v. Bray*, 232 Ga. 558, 560 (207 SE2d 442). See also *Southwire Co. v. Dept. of Transp.*, 147 Ga. App. 606 (249 SE2d 650).

Condemnees argue that admission of the evidence of diminution in value of the residential tract was proper because there was a "unity" of ownership among the contiguous parcels in that condemnee Mayes Davison leases the property being condemned, lives in the home on the residential tract, and owns a part of condemnee Davison Investment Company, Inc., which in turn holds a security deed on the residential tract. Nonetheless, we find no support in the cases for condemnees' proposition but conclude that anything other than identical ownership interest is different ownership under the applicable rule. The trial court erred in admitting this evidence.

Nonetheless, under the evidence presented at trial this error could have added no more than $50,000 to the amount of the verdict in favor of condemnees. Therefore, the judgment will be affirmed on condition that condemnees write off $50,000, plus accrued interest, from the amount of the judgment within ten days of the receipt of the remittitur of this Court in the trial court; otherwise the judgment is reversed.

*Judgment affirmed on condition; otherwise reversed. Birdsong, P. J., Pope, P. J., Johnson, Blackburn and Ruffin, JJ., concur. Beasley, C. J., and Smith, J., concur in the judgment only. Andrews, J., dissents.*

ANDREWS, Judge, dissenting.

I disagree with the majority's conclusion in Division 3 that the jury charge on actual value was harmless error under the circumstances.

The trial court's charge allowing the jury to consider awarding actual value instead of fair market value without any evidence to

support a finding that fair market value was not the proper measure of damages was clear error. *State Hwy. Dept. v. Thomas*, 106 Ga. App. 849, 852-854 (128 SE2d 520) (1962); *State Hwy. Dept. v. Stewart*, 104 Ga. App. 178, 182-183 (121 SE2d 278) (1961). Nevertheless, under some circumstances this error has been found harmless. In *Ga. Power Co. v. Bishop*, 162 Ga. App. 122, 126 (290 SE2d 328) (1982), we found a similar charge given without supporting evidence was harmless because, "as there was no evidence of unique value, [the jury] could not make such an award and the verdict shows that it was within the range of the testimony." In *Dept. of Transp. v. 19.646 Acres of Land*, 178 Ga. App. 287, 288 (342 SE2d 760) (1986), we again noted that, even if there was no evidence supporting such a charge, "the verdict was well within the range of evidence of fair market value and DOT has not carried its burden of demonstrating not only error but harm."

In the present case, it cannot be established that the $316,000 jury verdict was within the range of the *admissible* evidence of fair market value. The highest admissible fair market value testimony was given by the condemnees' expert appraiser, who testified that the total value of the land taken and consequential damages based on the value of the remainder was $308,500. As the majority correctly points out in Division 4, testimony was erroneously admitted showing the value of consequential damages to a contiguous tract of land in the amount of $50,000. The majority affirms on the condition that $50,000 be written off the verdict.

Nevertheless, since a general verdict was rendered, it is impossible to determine whether the jury included all, part, or none of the inadmissible $50,000 in the $316,000 verdict. Since it is possible the $316,000 general verdict included none of the erroneous damages, it cannot be established that the verdict reached by the jury on the admissible evidence of fair market value was within the range of the highest value evidence of $308,500. Accordingly, it cannot be stated with any degree of probability that the error was harmless in this case. The DOT was entitled to a new trial. Simply concluding that the error was harmless because there was no evidence of actual value, as the majority does, leaves to pure speculation whether or not the charge was harmful.

DECIDED MARCH 15, 1996 —
RECONSIDERATION DENIED MARCH 29, 1996 — ▮▮▮▮▮▮▮▮

*Michael J. Bowers, Attorney General, McClure, Ramsay & Dickerson, John A. Dickerson, Luther H. Beck, Jr.*, for appellant.

*Andrew J. Hill, Jr.*, for appellees.