S96G1216. DEPARTMENT OF TRANSPORTATION v. DAVISON INVESTMENT COMPANY, INC. et al.
(481 SE2d 522)

BENHAM, Chief Justice.

In order to construct a limited-access highway bypassing the City of Royston and connecting to Georgia Highway 17, the Georgia Department of Transportation ("DOT") filed a petition and declaration of taking which named 6.164 acres of land of a 134-acre tract owned by appellee Davison Investment Company. When it filed its petition, DOT paid $24,300 as just and adequate compensation for the taking into the registry of the Franklin County superior court. Davison contested the need for the taking and appealed the valuation. Mayes Davison and Agnes Davison Ray, who each had an interest in a one-acre tract in the midst of Davison Investment's 134 acres, were permitted to intervene in the action. The jury in the trial on the issue of the value of the taking returned a verdict for $316,000. DOT appealed the judgment entered on that verdict to the Court of Appeals, which found two errors: that the trial court had given a jury instruction on actual value that was not warranted by the evidence, and that evidence of consequential damages to a contiguous tract of land had been admitted erroneously. *Dept. of Transp. v. Davison Investment Co.,* 221 Ga. App. 29 (3), (4) (470 SE2d 900) (1996). The Court of Appeals determined that the first error was harmless, and rectified the second error by ordering $50,000 be stricken from the verdict returned by the jury in favor of the condemnees. Id. We granted DOT's petition for a writ of certiorari, asking whether the Court of Appeals was authorized to affirm the judgment on the condition that a portion of the general verdict be written off, and whether the jury instruction given on actual value was harmless error. For the reasons which follow, we reverse the judgment of the Court of Appeals.

1. We address first the Court of Appeals' decision to strike $50,000 from the jury's verdict. OCGA § 5-6-8 empowers the appellate court deciding an appeal "to make such order and to give such direction as to the final disposition of the case by the lower court as may be consistent with the law and justice of the case." An appellate court may affirm the judgment of the lower court upon the condition that an erroneous judgment be corrected by writing off the illegal portion, if the illegal portion can be determined and is separable from the rest. *Reserve Life Ins. Co. v. Gay,* 214 Ga. 2 (102 SE2d 492) (1958).

In the case at bar, the jury returned a general verdict for the condemnees,[1] and the Court of Appeals ordered that $50,000 of the general verdict be stricken on the ground that the stricken portion represented damages not recoverable, i.e., that it was an award of damages for a diminution in value to a contiguous tract of land which had ownership different from the tract in which the taking occurred. *Dept. of Transp. v. Davison Investment Co.*, supra, 221 Ga. App. at 31. The Court of Appeals found $50,000 to be the figure to be written off after reasoning that the jury, acting erroneously, "could have added no more than $50,000" in light of the testimony of the two witnesses who valued the contiguous tract's reduction in value at $25,000 and $50,000, respectively.

The Court of Appeals determined the amount to be stricken from the verdict by finding the greatest amount, as presented by the evidence, that the jury *could* have erroneously awarded. However, in order to strike a portion of a verdict, the court must be able to affirmatively show the illegal portion of the jury verdict, i.e., the amount actually awarded by the jury in error. See, e.g., *Love v. Nat. Liberty Ins. Co.*, 157 Ga. 259 (3) (121 SE 648) (1924) (attorney fees ordered stricken from the verdict because the amount was erroneously awarded and was separable from the balance of the judgment); *Co-op Cab Co. v. Arnold*, 106 Ga. App. 160, 165 (126 SE2d 689) (1962) (court may strike erroneously awarded punitive damages where jury returned a verdict awarding damages of $4,000 for pain and suffering and $200 in punitive damages); *Tift v. Shiver & Aultman*, 24 Ga. App. 638 (4) (102 SE 47) (1920) (court may order $22.32 stricken from the verdict awarded plaintiff where evidence demanded the conclusion that the plaintiff was indebted to the defendant for that amount). See also *Reserve Life Ins. Co. v. Gay*, supra, 214 Ga. at 3 (appellate court erred in striking from the jury's $800 general verdict $400 in attorney fees "when it was impossible from the verdict to determine what amount the jury allowed as attorney's fees"). In the case at bar, it is impossible to determine what amount, if any, of the general verdict the jury allowed as consequential damages to the contiguous tract. Without knowing the actual amount awarded by the jury in error, the Court of Appeals was not authorized to strike a portion of the verdict and judgment entered thereon.

2. We agree with the Court of Appeals that the trial court erred when it instructed the jury that it might measure its award of damages based on the actual value rather than the fair market value of the property taken.[2] Such a charge is appropriate where there is at

---

[1] The verdict returned by the jury simply stated, "We the jury find for the condemnees in the amount of *$316,000*."

[2] The jury was told that "while fair market value is ordinarily the same as actual value,

least slight evidence that the property "had any unique value to the condemnee over and above [fair] market value." *State Hwy. Dept. v. Thomas*, 106 Ga. App. 849, 854 (128 SE2d 520) (1962). After recognizing that there was no evidence of uniqueness presented at trial, the Court of Appeals found the giving of the charge to be harmless error for the very reason that it was error to give the charge — because "there was . . . no evidence of an actual value different from market value to which the jury might have applied these instructions." *Dept. of Transp. v. Davison Investment Co.*, supra, 221 Ga. App. at 31.

An error in the court's charge to the jury is presumed prejudicial and harmful unless it appears from the record that the error is harmless. *Foskey v. Foskey*, 257 Ga. 736 (2) (363 SE2d 547) (1988). " 'Instructions not warranted by the evidence are cause for a new trial unless it is apparent that the jury could not have been misled thereby.' [Cits.]" *Boulden v. Fowler*, 208 Ga. App. 89 (2) (429 SE2d 692) (1993). See also *Gober v. State*, 247 Ga. 652 (3) (278 SE2d 386) (1981). The charge given in the case at bar was not only unauthorized — it also empowered the jury to determine whether there existed unspecified "circumstances" which would allow it to use an undefined measure of damages other than fair market value, and then to use that unexplained alternative measure of damages. In essence, the charge permitted the jury to use any measure of damages it could fashion once it determined that "circumstances" so warranted. We are unable to say that the erroneous charge, as vague as it was, could not have misled the jury. *Boulden v. Fowler*, supra, 208 Ga. App. 89.

The Court of Appeals has held that the giving of a charge on unique/actual value in the absence of supportive evidence can be harmless error if the verdict returned is "within the range of the testimony." *Ga. Power Co. v. Bishop*, 162 Ga. App. 122, 126 (290 SE2d 328) (1982). See also *Dept. of Transp. v. 19.646 Acres of Land*, 178 Ga. App. 287 (1) (342 SE2d 760) (1986). Where, as here, it cannot be said that the jury was restricted to using fair market value as the measure of damages in the absence of evidence of uniqueness, it is not harmless error since the jury could have been misled by the erroneous instruction.

*Judgment reversed. All the Justices concur.*

---

there may be circumstances in which it may not be the same and under those circumstances your measure of damages would be actual value. It is up to you to determine whether such circumstances exist."

DECIDED MARCH 3, 1997.

*McClure, Ramsay & Dickerson, John A. Dickerson, Luther H. Beck, Jr.,* for appellant.
*Andrew J. Hill, Jr.,* for appellees.