**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 7, 2012**

# In the Court of Appeals of Georgia

A12A1475. BOOTH v. BREWSTER.

MCFADDEN, Judge.

Bobbi Jo Booth brought an action against Tina Brewster for injuries Booth sustained in a car accident. A jury found in favor of Brewster, and the trial court denied Booth's motion for new trial. On appeal, Booth argues that the trial court erred in charging the jury on the doctrine of last clear chance. Although we agree that the evidence did not warrant the charge, the error was not harmful. Accordingly, we affirm.

The evidence shows that the collision occurred on July 29, 2009, when Brewster pulled out of a parking lot into the path of Booth's vehicle. Brewster testified at trial that, although she looked in both directions before pulling out of the parking lot, she did not see Booth's vehicle before the collision occurred. Booth

testified that she saw Brewster pull into her path but was unable to avoid the collision.

Over Booth's objection, the trial court gave the following jury charge:

> People are under an obligation to use ordinary care to avoid injuring others after finding them in a dangerous place regardless of how they got there and are liable for the failure to do so. This rule is known as the last clear chance doctrine. The last clear chance doctrine only applies when it is proved by a preponderance of the evidence that the plaintiff placed herself in danger because of her own negligence and the defendant actually knew of the plaintiff's danger and the defendant had an opportunity to take action to avoid the injury to the plaintiff by the use of ordinary care under the conditions and circumstances that existed at the time but failed to do so.

> If you find such to be proved, then the failure of the defendant to use ordinary care under such circumstances to avoid the injury to the plaintiff would be considered the proximate cause of the plaintiff's injury.

The court also charged the jury on the principle of comparative negligence. See OCGA § 51-11-7.

We agree with Booth that the evidence did not warrant the trial court's charge on last clear chance. There was no evidence either that the plaintiff, Booth, had

2

placed herself in danger prior to the defendant, Brewster, pulling out of the driveway, or that Brewster actually knew that Booth was in any danger. Although Brewster points to evidence that she contends showed Booth had knowledge and opportunity to take action, the charge given by the court did not pertain to a *plaintiff's* knowledge and opportunity.

Nevertheless, we find no reversible error. It is true that "[i]nstructions not warranted by the evidence are cause for a new trial unless it is apparent that the jury could not have been misled thereby," *Dept. of Transp. v. Davison Investment Co.*, 267 Ga. 568, 570 (2) (481 SE2d 522) (1997) (citations and punctuation omitted), and Booth argues that the last clear chance charge could have misled the jury into believing that the last clear chance doctrine applied to Booth. But, as stated above, the plain language of the charge given by the court limited the application of the last clear chance doctrine to Brewster. Compare *Fouts v. Builders Transport*, 222 Ga. App. 568, 569-570 (1) (474 SE2d 746) (1996) (last clear chance charge that addressed whether *either* the plaintiff or the defendant could have avoided an accident through the use of ordinary care was reversible error, where the facts supported the giving of such charge only as to one of the parties) with *Karp v. Niver*, 142 Ga. App. 241, 242 (2) (235 SE2d 589) (1977) (erroneous giving of last clear

3

chance charge that clearly addressed the defendant's, and not the plaintiff's, last clear chance was harmless error). Moreover, the court also specifically addressed the effect of any negligence on the part of Booth in its charge on comparative negligence. We find no ground for reversal.

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*